

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**CASE NO.**

STATE OF FLORIDA,

Removed from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2022-000238-CP-02

v.

BENZO ELIAS RUDNIKAS

Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, BENZO ELIAS RUDNIKAS, hereby removes this action currently pending in the Circuit Court of the Eleventh Judicial Circuit of Florida for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, on the grounds that this Federal Court has removal jurisdiction pursuant to 28 U.S.C. §1442(b) and 28 U.S.C § 1443. As grounds supporting removal Defendant states the following:

### FACTS SUPPORTING FEDERAL REMOVAL JURISDICTION

1. Defendant, BENZO ELIAS RUDNIKAS, is the Plaintiff in Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM, [ECF 64].
2. The second amended complaint was filed on February 7, 2024 and includes a third party claim under Title II of the Americans with Disabilities Act against the State of Florida for administering the Estate of Elias B. Rudnikas while Defendant's grandmother, Marta Santander Rudnikas, was incompetent without a guardian to advocate for her interests. Plaintiff's second amended complaint requests an injunction against the State of Florida declaring the entire estate of Elias B. Rudnikas void ab

initio for violating his grandmother's constitutional rights. Citation Plaintiff complaint is requesting an injunction to remove the State of Florida's non family member (corrupt) Guardian for Marta Santander Rudnikas and requesting he be appointed Guardian as the blood relative grandson. Plaintiff is further requesting that title of the commercial property located at 3670 NW 6th Street, Miami, FL 33125 be transferred to him as the lawful property holder.

3. The lawsuit is a federally protected activity within the meaning of 42 U.S.C. 12203 of Title V of the Americans with Disabilities Act.

4. On May 28, 2024, Plaintiff filed a second federal lawsuit against the State of Florida, Governor Ron De Santis, the Eleventh Judicial Circuit of Florida, and others.

5. The lawsuit asserts ADA claims and is therefore, a federally protected activity within the meaning of 42 U.S.C. 12203(a)-(b).

6. The first complaint requests an injunction against the State of Florida prohibiting them from intimidating Plaintiff with criminal contempt proceedings in violation of Title V of the ADA

7. On May 29, 2024, Defendant's grandmother, Marta Santander Rudnikas, a Ward of the State of Florida, died vesting title to the 3670 NW 6th Street commercial property to Defendant

8. On June 13, 2024, Defendant suffered the adverse action of the State of Florida retroactively initiating an ancillary criminal prosecution against Defendant in the civil action of the Estate of Elias B. Rudnikas and charged Defendant with the crime of criminal contempt for his federally protected activity of participating in his ADA lawsuit against the State of Florida via docketing and recording a federal lis pendens based on the outcome of his federal lawsuit.[1]

9. There is a casual relation between Plaintiff's protected activity of filing his second federal ADA lawsuit on May 28, 2024 and the ancillary civil/criminal proceedings initiated against Defendant because the adverse action occurred within one month of Defendant engaging in the protected activity of filing the second lawsuit.

---

[1] The State of Florida did this to Defendant claims it made this retroactive charge on May 21, 2024 for a hearing on a motion to discharge federal lis pendens. Defendant did not attend said hearing because United States Magistrate Judge Eduardo Sanchez ruled the day before that the lis pendens had expired. As such, the hearing in the State Court by the State of Florida should have been cancelled as moot.

10. There is a direct but for causation, casual relation between Plaintiff's protected activity of participating in his federal ADA lawsuit because the State of Florida is solely seeking to prosecute Defendant for the crime of criminal contempt for the filings docketed in the probate case related to his first federal lawsuit.

11. Each of the filings referenced in the Order to Show Cause o November 2023 and March 2024 has the Federal Case caption of the first federal lawsuit against the State of Florida: Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM.

12. The State of Florida is not seeking to prosecute for filing the motion to disqualify the Judge that issued the May 22, 2023 Order, which actually pertained to the case and was a direct violation of the May 22, 2023 Order. Specifically, Defendant filed a motion to disqualify on December 21, 2023 for unconstitutional bias and prejudice harbored by the Judge who stated that he could not file documents without an attorney. The motion was granted even though Defendant filed it pro se.

13. On July 15, 2024, Defendant filed an amended complaint that included the Judge of the State of Florida who retroactively initiated criminal proceedings against Defendant in a civil probate case after Defendant filed his second federal lawsuit. Same is attached along with the Order to Show Cause.

14. 28 U.S.C § 1443 states:

    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;(2)For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

15. While 28 U.S.C. 1443 initially only protected people asserts rights under the Civil Rights Act of 1964 as it relates to racial discrimination, the ADA and Section 504 incorporate the remedies and procedure of the Civil Rights of 1964, so Defendant is entitled to the same protections that would be afforded to someone under that statute asserting racial discrimination.

16. It is axiomatic that Defendant cannot enforce his equal civil rights in the State of Florida when he is suing them in Federal Court precisely to enforce his Federal ADA lawsuits. The State of Florida is not a neutral arbiter while Defendant federal lawsuits against them is pending. Much less, when the State of Florida won't let him file things and is

forcing him to go before the same Judge that Defendant served and sued in federal court.

17. Plaintiff's ancillary civil and criminal action initiated by the Florida is also removable 28 U.S.C. §1442 which states:

Federal officers or agencies sued or prosecuted states in pertinent part: (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. **(2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.**

18. Here, Defendant is a property holder of property in custody of the Honorable Jose E Martinez because he unequivocally inherited the 3670 NW 6th Street, Miami, FL commercial property when his grandmother died on May 29, 2024 and Plaintiff's pleadings in both federal cases suggests his title to the properties is dependent on the Honorable Jose E Martinez who is an Officer of the Courts of the United States and such the civil/criminal ancillary proceeding that the State of Florida charged Plaintiff with affects the validity of any law of the United States within the meaning of the relevant removal statute.

19. Due to the time constraints involved with having to file this pro se and deliver same to the Courthouse before it closes at 4:30 pm, Defendant requests that be allowed to filed an amended notice of removal or respond to any defects in this petition that the Honorable Jose E Martinez affords to other parties when he issues the Notice of practice and procedure on removal cases. If not Defendant, BENZO ELIAS RUDNIKAS, will be criminally prosecuted by the State of Florida for his federally protected activity of participating in his Federal ADA lawsuits against the State of Florida. Plaintiff relies on the verified amended complaint attached hereto and the Order to Show Cause.

20. Plaintiff was served on June 26, 2024.

Signed pursuant to Federal Rule of Civil Procedure 11.

BENZO E. RUDNIKAS
950 SW 57TH AVE, APT 711
MIAMI, FL 33144
BENZO.RUDNIKAS@GMAIL.COM
(305) 213-9889

By: /s/ *Benzo Rudnikas* (signed pursuant to Fed. R. Civ. P. 11)

Benzo E. Rudnikas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2024, I conventionally filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ BENZO E. RUDNIKAS*
BENZO E. RUDNIKAS