Filing # 200525500 E-Filed 06/13/2024 04:58:21 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-000238-CP-02
SECTION: PMH01
JUDGE: Jorge E Cueto

**IN RE: Rudnikas, Elias B**

Decedent

_____/

## ORDER TO SHOW CAUSE

DE 315

THIS CAUSE came on to be heard on Tuesday, May 21, 2024, at 10:30 a.m., on Petitioner
Mercedes Gisela Gonzalez, as Personal Representative of the Estate of Elias B. Rudnikas, Motion
to Strike/Discharge Lis Pendens Regarding Real Property Located At 3760 N.W. 6th Street, Miami,
Florida 33125.  Dkt. 316.  In preparation for the above referenced hearing, also on the docket, the
Court took note of Petitioner's Motion to Show Cause.  Dkt. 315.

ORDERED AND ADJUDGED, upon consideration of the Motion to Show Cause, Dkt. 315,
and the Court's *sua sponte* review of this record, the Court notes the following.

On May 22, 2023, this court on entered an order barring Benzo Rudnikas from further filings
in this case unless signed by a member in good standing of The Florida Bar.

The May 22, 2023, order provided that if "Benzo Elias Rudnikas submits a filing in violation
of this order, he may be subject to contempt proceedings or other appropriate sanctions."

The May 22, 2023, order was served upon Benzo Rudnikas.

Notwithstanding the express provisions of the May 22, 2023, order, Benzo Rudnikas has
filed the following documents in this proceeding while continuing to appear pro se and without the
signature of a member in good standing of The Florida Bar:

1.    Notice of Lis Pendens filed November 29, 2023, Dkt.267;

2.    Notice of Lis Pendens filed November 29, 2023, Dkt. 269; and

3.    Notice of Lis Pendens filed March 19, 2024, Dkt. 299.

Petitioner Gonzalez has petitioned for Benzo Rudnikas to be held in indirect criminal contempt for the willful disregard and disobedience of the provisions of this Court's order by engaging in the following acts of conduct:

1.    Filing of Notice of Lis Pendens filed November 29, 2023, Dkt.267, pro se and without the signature of a member in good standing of The Florida Bar;

2.    Filing of Notice of Lis Pendens filed November 29, 2023, Dkt. 269, pro se and without the signature of a member in good standing of The Florida Bar; and

3.    Filing of Notice of Lis Pendens filed March 19, 2024, Dkt. 299, pro se and without the signature of a member in good standing of The Florida Bar.

The Court, *sua sponte*, issues this order to show cause based upon the foregoing conduct set forth in the record.

Now, therefore, it is

ORDERED AND ADJUDGED that Respondent/Defendant Benzo Rudnikas shall appear before this Court on the **18th day of July, 2024, at 10:00 a.m., in Room 3B, Miami Dade County Courthouse, 73 West Flagler Street, Miami, Florida, 33130,** to be arraigned and then and there show cause why he should not be held in and punished for indirect criminal contempt of Court, pursuant to Rule 3.840, Fla. R. Crim. P., for his willful failure to comply with the terms of the May 22, 2023, order. Such punishment, if imposed, may include a fine and/or incarceration or probation.

Should the Court determine, based on the evidence presented at the hearing, that Respondent/Defendant Benzo Rudnikas' conduct warrants sanctions for civil contempt in addition to or instead of indirect criminal contempt, the Court reserves the right to find Benzo Rudnikas guilty of civil contempt and impose appropriate civil sanctions.

As the Respondent/Defendant, you have a right to be represented by an attorney.

FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.

The Sheriff of Miami-Dade County, Florida, is hereby ordered to serve a copy of this Order on the Respondent/Defendant, Benzo Rudnikas, and to make a return showing such service.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 13th day of June, 2024.

2022-000238-CP-02 06-13-2024 4:39 PM

_2022-000238-CP-02 06-13-2024 4:39 PM_
Hon. Jorge E Cueto

**CIRCUIT COURT JUDGE**
Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**
Alex Cuello, acuello@probatesfl.com
Alex Cuello, csh@probatesfl.com
Alexander Joseph Hernandez, Esq., ahernandez@probatesfl.com
Antonio J. Soto IV, Esq., asoto@probatesfl.com
Benzo Elias Rudnikas, service@rudnikaslaw.com

Benzo Elias Rudnikas, benzo@rudnikaslaw.com
Benzo Elias Rudnikas, benzo.rudnikas@gmail.com
Bryan, Bryan@jvelasquezlaw.com
Camila Murata Broker for Mercedes, Camila@LREGFL.com
Danny Crespo the Broker for Luis Lester Rodriguez, Danny@RejoiceRealty.com
G. Bart Billbrough, bart@billbroughfirm.com
G. Bart Billbrough, bart@billbroughfirm.com
G. Bart Billbrough, brittany@billbroughfirm.com
Gina Nguyen, gina@nguyen-law.com
Gina Nguyen, yadilis@nguyen-law.com
Gina Nguyen, stefanie@nguyen-law.com
Judge Soto, bsoto@jud11.flcourts.org
Judicial Assistant, mpaul@jud11.flcourts.org
Luis E Barreto, lbarreto@miamiprobate.com
Luis E Barreto, eservice@miamiprobate.com
Luis E Barreto, llinares@miamiprobate.com
Max A Lopez, mlopez@dtmiamilaw.com
Max A Lopez, eservice@dtmiamilaw.com
Stokes & Gonzalez, P.A., mark@stokesgonzalez.com
Stokes & Gonzalez, P.A., jacinto@stokesgonzalez.com


**Physically Served:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 24-CV-22031-JEM**

BENZO ELIAS RUDNIKAS                    ***Related Case: 23-CV-21201-JEM***

      Plaintiff,

v.

STATE OF FLORIDA, GOVERNOR RON DE SANTIS,
THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
JORGE E. CUETO, NUSHIN G. SAYFIE, BARBARA A. JUNGE
MERCEDES G. GONZALEZ ARTILES,
MARIA MERCEDES RUDNIKAS, FEEL FUZZ LLC,
THE BILLBROUGH FIRM P.A.; LUIS E. BARRETO & ASSOCIATES, P.A.,
LAW OFFICE OF ALEX CUELLO, P.A.,
THE LAW OFFICE OF FAUSTO A. ROSALES, P.A.,
STOKES & GONZALEZ, P.A.,
ADRIAN BLUE THERAPY CENTER LLC,

      Defendant(s).

_____/

FILED BY _____ D.C.

JUL 15 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## VERIFIED AMENDED COMPLAINT

    Plaintiff, BENZO ELIAS RUDNIKAS, pursuant to the Federal Rules of Civil Procedure

15[1] and the Local Rules of the S.D.F.L., hereby files this verified amended complaint suing

Defendant(s) and states the following:

## PRELIMINARY STATEMENT

    Plaintiff's instant lawsuit is related to the lawsuit pending before the Honorable Jose E

Martinez of the Southern District of Florida filed on March 27, 2023: *Rudnikas v. Gonzalez,* et.

al.; Case # 23-CV-21201-JEM. Some of the facts and parties are similar. However, the claims in

---

[1] Plaintiff is amending his complaint once as a matter of course within the (21) twenty-one days
permitted by Fed. R. Civ. P. 15 after being served with a Motion to Dismiss and the three
additional days permitted by Fed. R. Civ. P. 6(d).

this lawsuit are for the events that occurred <u>after March 27, 2023,</u> include additional Defendants, and relate back to May 28, 2024.

## PARTIES

1.      Plaintiff, BENZO ELIAS RUDNIKAS, is *sui juris* and the Plaintiff in the related case: *Rudnikas v. Gonzalez*, et. al.; Case # 23-CV-21201-JEM. The lawsuit and Plaintiff's ongoing participation in same is a protected activity under Title V of the ADA. Plaintiff, BENZO ELIAS RUDNIKAS, was also the Plaintiff in *Rudnikas v. Nova Se. Univ.*, No. 21-12801 (11th Cir. Dec. 27, 2022) and Plaintiff's participation in said lawsuit, including the subsequent appeal to the United States Supreme Court[2], is also a protected activity under Title V of the ADA. Pursuant to Fed. R. Civ. P. 10 (b)-(c), Plaintiff adopts and incorporates the party description of Plaintiff in paragraphs 1-13 of the second amended complaint [64, pg. 1-6] as if set forth fully herein and attached hereto as <u>Exhibit A.</u> Additionally, Plaintiff, BENZO ELIAS RUDNIKAS, is a twenty-nine-year-old male residing in Miami-Dade County at <u>950 SW 57th Ave, Apt. 711, Miami, FL 33144.</u> He is the son of Elias Benzo Rudnikas (deceased on November 17, 2021) and grandson of Marta Santander Rudnikas. He is the successor in interest, heir at law, beneficiary, and next of kin of his grandmother, Marta Santander Rudnikas (incapacitated). Under Florida Law and Florida Statutes, Plaintiff, as the next of kin grandson, has standing to sue for claims related to removing the State of Florida's Non-Family member (corrupt) Guardian, Elena Z. George. *Bivins v. Rogers*, 147 So. 3d 549, 551 (Fla. Dist. Ct. App. 2014) ("The statutory scheme gives... the son as next of kin...the right to petition for removal of the guardian.").

---

[2] Supreme Court Justice Clarence Thomas granted Plaintiff an extension of time to file a Petition for Writ of Certiorari on July 18, 2023, extending the deadline to file a Petition for a Writ of Certiorari, to and through August 18, 2023. *See* Case No. 23A43. The Petition for Writ of Certiorari was timely filed on August 18, 2023, but never docketed due to formatting requirements. The Supreme Court Clerk gave Plaintiff (60) sixty days to correct the formatting requirements and refile the corrected Petition for Writ of Certiorari. Same was ultimately unnecessary however, as the parties entered in a confidential settlement agreement before the (60) sixty deadline for Plaintiff to refile his Petition. *See Notice of Confidential Settlement Agreement and Notice of Voluntary Dismissal with Prejudice* filed November 7, 2023. Case No.: 1:19-cv-25148 -JEM, [DE 195].

2.    Plaintiff's standing to remove the guardian and regarding financial matters of the Ward, was further affirmed by the Third District Court of Appeal in February 2024, when they denied the Motion to Dismiss Appeal filed by the State of Florida's Guardian that argued that Plaintiff lacked standing with respect to financial matters of the Ward. *See* Third DCA Case No. 23-2184.

3.    Plaintiff has a qualifying disability impairment under the ADA that substantially limits him in performing one or more major life activities, when compared to the rest of population, including, thinking, reading and learning, without regard to mitigating measures as permitted by the ADA Amendments Act of 2008. Plaintiff also has a record of such an impairment. Specifically, Plaintiff was diagnosed with Attention-Deficit Hyperactivity Disorder ("ADHD") at the age of five (5) and has been receiving daily medication since his diagnosis. Because of his disability impairment, Plaintiff requires, more time, when compared with the rest of the population, to perform the aforementioned major life activities when it comes to standardized tests and other educational assessments. As such, Plaintiff has received extra time on standardized tests and assessments from elementary through his post-secondary education and graduate school in order to achieve his academic potential and put him on a level playing field with his peers. *Redding v. Nova Se. Univ., Inc.,* 165 F. Supp. 3d 1274, 1299 (S.D. Fla. 2015) ("Meaningful participation and access to an academic program includes the opportunity to advance to the next academic year on the regular schedule and to achieve one's academic potential on a level playing field with one's peers."). Copies of all of Plaintiff's medical records related to his qualifying disability under the ADA were kept by Plaintiff's father, Elias B. Rudnikas, at his law office located at 3670 NW 6th Street, Miami, FL 33125.

4.    Plaintiff, as the next of kin grandson who has not had his application for guardianship previously rejected, is otherwise qualified, with or without reasonable accommodation, to be appointed the Successor Guardian of Marta Santander Rudnikas in the State Court Guardianship Proceedings pending in the Eleventh Judicial Circuit of Florida, as meets the legal requisites to be appointed same. Additionally, since Plaintiff has a claim against several government Defendants for denying him access to the Court on the basis of his disability and protected activity, with respect to his *Renewed Petition for Removal of the Guardian and for Appointment as Successor Guardian* under Title II of the ADA, related to the events that occurred on November 21, 2023 and is requesting an injunction to make him the successor

guardian, Plaintiff has Article III standing, under Fed. R. Civ. P. 18, to bring the claims for professional malpractice. Further, Plaintiff has standing to bring the claims for professional malpractice because the Law Practice of Elias B. Rudnikas is still not in the estate of Elias B. Rudnikas inventory despite the law practice having been misappropriated almost three years ago by SGPA and because the State had him sign a consent/waiver form on behalf of his incompetent grandmother to which Barbara Junge, the State of Florida's Counsel in the related case, still hasn't provided any explanation for. The form is attached as <u>Exhibit B.</u>

5.     This in addition to, but not limited to, the other legal theories that Plaintiff is asserting including that the state court proceedings are not entitled to deference under the Full Faith & Credit Act because they are void ab initio for violating due process (for several reasons such as his incompetent grandmother not having a guardian, the Judge being disqualified, and never obtaining personal jurisdiction over Plaintiff's grandmother) and for lack of subject matter jurisdiction (noncompliance with Fla. Stat. 732.901 and federal preemption under the CFAA). As such, until the Honorable Jose E Martinez decides otherwise in this case or the related case, Plaintiff has Article III standing to bring the claims for professional malpractice against the law firm defendants in this complaint, that accrued after March 27, 2023. Plaintiff's standing against the law firm defendants is further supported by the fact that they have conspired together to file a motion for criminal contempt in state court for with the purpose of <u>incarcerating Plaintiff</u> in retaliation for his participation in his related ADA lawsuit against the State of Florida and to take away Plaintiff's future inheritance he is suppose to receive from his incompetent grandmother to pay for their purported attorneys fees they are claiming they are entitled to even though they have committed multi-million dollar professional malpractice, ADA discrimination, and exploitation of a disabled vulnerable adult, etc., as shown in in this complaint.

6.     Marta Santander Rudnikas (incapacitated) is a Ward of the State of Florida and has a qualifying disability that substantially limits her in performing one or more major life activities. Specifically, her Alzheimer's disability is a mental impairment that renders her incompetent, nonverbal, and in need of 24-hour hospice care at 319 Bird Road, Coral Gables, FL 33146 (her homestead). Her disability mental impairment substantially limits her in conducting the following major life activities: caring for oneself, performing manual tasks, eating, sleeping, walking, standing, lifting, bending, speaking, learning, reading, concentrating, thinking, communicating, etc. Marta Santander Rudnikas requires the reasonable accommodation of

caretakers and nurses to assist her in conducting these major life activities. She also requires the reasonable accommodation of a Guardian (without a conflict of interest), or fiduciary, to meaningfully participate in the estate proceedings of Elias B. Rudnikas and Guardianship proceedings of Marta Santander Rudnikas. She also requires this accommodation by the State of Florida to make sure she is not exploited, abused, or neglected by others with respect to her finances or the inheritance she was supposed to receive from her son, Elias B. Rudnikas (deceased), via pay on death bank accounts, intervivos trusts, life insurance policies, retirement accounts, annuity policies, and the multi-million dollar law practice her son left, all non-probate assets that are not part of the estate inventory and unfortunately, not part of the State of Florida's Guardianship inventory at this time.

7.      Defendant, THE STATE OF FLORIDA, is a Defendant in *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM. Pursuant to Fed. R. Civ. P. 10(b)-(c), Plaintiff adopts and incorporates the party description of State of Florida in paragraph 19 of the second amended complaint [DE 64, pg. 19] as if fully set forth herein and attached hereto as Exhibit A. Plaintiff further states that the State of Florida is a  sovereign public entity within the meaning of Title II of the Americans with Disabilities Act. This allegation is sufficient. But in abundance of caution, Plaintiff further states that the sovereign entity constitutes all branches and forms of state and local government including the legislative branch, the executive branch, and the judicial branch of the State including all the government entities responsible in protecting the Ward, Marta Santander Rudnikas. A few non exhaustive examples are the Florida Department of Elder Affairs, the Florida Department of Children & Families, the Eleventh Judicial Circuit of Florida, the Florida Attorney General's Office, the Florida Bar, Miami Dade Clerk of Court, Clerk of Court Corporation, the Office of the Miami Dade County Mayor Daniella Cava (who unfroze the funds of the Miami Dade Guardianship Program), etc. The State administers and funds services for disabled incompetent vulnerable adults including for its disabled Wards such as Marta Santander Rudnikas, through these various agencies, departments, entities, and programs that are subject to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The State is also a federal fund recipient through the Older Americans Act and administers programs subject to Section 504 of the Rehabilitation Act of 1973. Specifically, the State of Florida receives millions of dollars per year from the Federal Government through the Federal

Older Americans Act (for some reason none of this money has been allocated to Plaintiff's grandmother).

8.    Under Florida Law, the State of Florida is the Supreme Guardian of Marta Santander Rudnikas, a Ward of *the State*. *The State* declared Marta Santander Rudnikas to be incompetent and took away her constitutional rights. *K.A.S. v. R.E.T*, 914 So. 2d 1056, 1061 (Fla. Dist. Ct. App. 2005) ("The California appellate court rejected the guardian's arguments and affirmed the trial court's order for visitation by the maternal grandparents. The court began its analysis by noting that California's probate courts occupy the same position as the English court of chancery and recalling Blackstone's description of that court as "the supreme guardian and [having] superintendent jurisdiction over all of the infants of the Kingdom....In Florida, as in California, the power and responsibility of a court exercising guardianship jurisdiction over minors is such that the court itself is considered to be the minor's guardian. Thus, the legal guardian of a minor is regarded as the agent of the court and of the state in the discharge of his duty as such."").The Florida Legislature has also made the State, via the Director of the Florida Department of Elder Affairs, explicitly responsible for the conduct of all public and professional guardian in Florida. *See* Fla. Stat. 744.2001 ("(2)   The executive director **shall....(a)   Have oversight responsibilities for all public and professional guardians.")(emphasis added).** Lastly, any argument by the state that Elena Z. George is a "private guardian" is frivolous because the only time that "private guardian" is explicitly discussed in Chapter 744 is in the section titled "Legislative Intent" whereby the Florida Legislature indicates that a private guardian is a family member guardian. Elena Z. George is not a family member and she has relinquished power to Defendant Mercedes G. Gonzalez Artiles. This is proven by the fact that Defendant BILLBROUGH, the attorney/firm for the Personal Representative of the Estate of Elias B. Rudnikas in *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM [ECF 7], also filed an appearance in said case on behalf of State of Florida's Guardian Elena Z. George in early March 2024 [ECF 82], notwithstanding the impermissible conflict of interest that warrants federal disbarment by the Honorable Jose E Martinez of George Bartram Billbrough. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it.") (alteration added; citation omitted). Same was akin to a Guardian and Guardian Ad Litem being represented by the same attorney. More importantly, the private guardian argument fails as a matter of Florida law. *In re*

*Wright*, 668 So. 2d 661, 663 (Fla. Dist. Ct. App. 1996) ("Appellant's position as a court-appointed guardian was not that of a private individual serving a private interest, but rather that of an arm of the court fulfilling a regulated function.").

9. The State is subject to the jurisdiction of this Federal Court and its Eleventh Amendment Immunity is abrogated under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, with both injunctive relief and damages available to a prospective Plaintiff. *See Tennessee v. Lane*, 541 U.S. 509 (2004); *see also U.S. v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]n so far as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."). *Nat'l Ass'n of the Deaf v. Fla.*, 980 F.3d 763, 774 (11th Cir. 2020); (quoting *Garrett v. Univ. of Ala. Birmingham Bd. of Trs.*, 344 F.3d 1288, 1290–91 (11th Cir. 2003)) ("Under the Rehabilitation Act, a state waives its sovereign immunity if it receives federal financial assistance."); *see* 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . .").

10. Additionally, the State of Florida is a sovereign public entity subject to causes of action alleging violations of 42 U.S.C. § 12203(a)-(b) in situations where the state has already been sued by the respective Plaintiff under Title II of The Americans with Disabilities Act alleging unconstitutional denials of the fundamental rights of access to the Courts, as relevant here. *See Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM [DE 64]. Pursuant to Fed. R. Civ. P. 4, the State of Florida is served by delivering a copy of the summons and this complaint to its Chief Executive Officer, Governor Ron De Santis at the following address: The Alliance Center, 113 S. Monroe St., Tallahassee, Florida 32301.

11. Defendant, GOVERNOR RON DE SANTIS (hereinafter "DE SANTIS"), is a person, individual, and public entity within the meaning of the Title II of the Americans with Disabilities Act, subject to this Court's jurisdiction. The Governor is the supreme executive power in the State of Florida. Article IV, Section 1(a) of the Florida Constitution provides that "he shall take care that the laws be faithfully executed, commission all officers of the state and counties, and transact all necessary business with the officers of government." Governor De Santis is the Chief Executive Officer of the State of Florida, a sovereign, public entity within the meaning of Title II of the Americans with Disabilities Act and has supervisory responsibility

over Defendant, the State of Florida, the Supreme Guardian of Marta Santander Rudnikas, a Ward of the State of Florida.

12.    Given his supervisory capacity and responsibility as the Chief Executive Officer, in making sure all the laws are faithfully executed, Governor De Santis has a legal obligation under Title II of the ADA to ensure that Defendant, The State of Florida, provides the Ward, Marta Santander Rudnikas, with her constitutional right of meaningful access to the state court proceedings pending in Miami Dade County by removing non-family member Elena Z. George as the Guardian of Marta Santander Rudnikas and appointing her grandson, Plaintiff, BENZO ELIAS RUDNIKAS, as the Successor Guardian. Governor Ron De Santis, as the Chief Executive Officer of the State of Florida, has oversight responsibility over the Secretary and Director of the Department of Elder Affairs, Michelle Branham, who in turn has oversight responsibility over all public and professional guardians including Elena Z. George. *See* Fla. Stat. 744.2001 (2) (a). The Florida Legislature has also made Governor's supervisory role with respect to Guardianships more direct as noted by the fact that all Professional and Public Guardians of incompetent Wards in the State of Florida, including Elena Z. George, are required to have their guardianship bonds made payable to the Governor. *See* Fla Stat. 744.2003 ("The bond must be payable to the Governor of the State of Florida and his or her successors in office and conditioned on the faithful performance of all duties by the guardian."). Lastly, the specific relief sought in this complaint is consistent with the Florida Guardianship Bill that Governor De Santis signed in 2020 prohibiting nonfamily member Guardians from applying to be Guardian unless they were related to the Ward and other actions Governor DESANTIS has taken in attempt to limit Court appointed Guardians in Florida, but to no avail. Plaintiff sues Governor Ron De Santis in his official capacity. The Governor can be served at the following address: The Alliance Center, 113 S. Monroe St., Tallahassee, Florida 32301.

13.    Defendant, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, is a public entity with the meaning of Title II of the Americans with Disabilities Act, located within this judicial district. The entity presides overall Miami Dade County and Circuit Court proceedings and relevant here, presides over the relevant state court proceedings referenced in this complaint that are subject to Title II of the ADA and Section 504 of the RA. The entity's Eleventh Amendment Immunity is abrogated under both Title II of the ADA and Section 504 of the Rehabilitation act of 1973. The entity is a program or activity and federal fund recipient within

the meaning of Section 504 of the Rehabilitation Act of 1973. Additionally, the Eleventh Judicial Circuit of Florida is an arm/instrumentality of Defendant, the State of Florida. The Eleventh Judicial Circuit of Florida is also a state created governmental organization of the State of Florida within the meaning of Fed. R. Civ. P. 4 and can be served by delivering a copy of the summons and the complaint to the State of Florida's Chief Executive Officer, Governor Ron De Santis at the following address: <u>The Alliance Center, 113 S. Monroe St., Tallahassee, Florida 32301.</u> The entity can also be served via its General Counsel, Patricia Gladson, at the following address: <u>175 NW 1st Ave, Room 3033, Miami, FL.</u>

14. Defendant, BARBARA ANN JUNGE (hereinafter Defendant "JUNGE") is a person and individual subject to claims under 42 U.S.C. § 12203(a)-(b) and to claims under 42 U.SC. § 1985(2). Defendant JUNGE was the attorney for the State of Florida present at the May 20, 2024, hearing regarding Plaintiff's federal lis pendens on the 3670 commercial property, before the Honorable United Stated States Magistrate Judge Eduardo Sanchez in *Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM* [ECF 64], where Judge Sanchez engaged in an extensive legal analysis and determined that Plaintiff's federal lis pendens based on his federally protected ADA lawsuit had already expired because the one year deadline had passed. At no point did Defendant JUNGE ever mention to the Federal Court anything about the State of Florida charging Plaintiff with the crime of criminal contempt solely for his protected activity via recording his expired federal lis pendens based on his protected ADA lawsuit against the State. Rather, Defendant JUNGE kept silent on this topic and instead of instructing the State of Florida to just cancel the May 21, 2024 hearing on the Motion to Discharge Lis Pendens that had become moot as a result of U.S Magistrate Sanchez's ruling, Defendant JUNGE conspired with the other Defendants to take measures to retaliate against Plaintiff in violation of Title V of the ADA and have the State of Florida charge him with the crime of criminal contempt for a federally protected activity. Defendant JUNGE resides in this judicial district and can be served the following address: <u>110 SE 6th Street, 10th Floor, Fort Lauderdale, FL 33301.</u>

15. Defendant, NUSHIN G. SAYFIE (hereinafter "SAYFIE"), is a person, individual, and public entity within the meaning of Title II of the ADA and Title V of the ADA. More specifically, Defendant SAYFIE is an instrumentality of the State of Florida and its arm, the Eleventh Judicial Circuit of Florida, public entities within the meaning of Title II of the ADA, by virtue of being the Chief Judge of the Eleventh Judicial Circuit of Florida. Defendant SAYFIE

sits in a supervisory capacity over all judges and employees in the Eleventh Judicial Circuit of Florida, including Defendant CUETO. Plaintiff sues Defendant SAYFIE, in her official capacity, for among other things, the discriminatory, unconstitutional denial of access to the Courts, as permitted by the U.S Supreme Court's holding in *Tennessee v. Lane*, 541 U.S. 509 (2004) and the Eleventh Circuit's holding in *McCauley v. Georgia*, 466 F. App'x 832, 837 (11th Cir. 2012) ("Under *Lane*, the Bibb County court and Judge Self are not immune from McCauley's claim that she was denied access to the court based on her disability."). Further, under Eleventh Circuit Law, Plaintiff is permitted to sue Defendant, SAYFIE, in her individual capacity as it relates to the claims under 42 U.S.C. § 12203(a)-(b) of Title V of the ADA. *Shotz v. City of Plantation*, 344 F.3d 1161, 1163 (11th Cir. 2003) ("As a matter of first impression, we decide that § 12203 establishes individual liability for a violation of its prohibitions, where the "act or practice" opposed is one made unlawful by Subchapter II"). Accordingly, Plaintiff also sues Defendant SAYFIE, in her official capacity and in her individual capacity, for the claims 42 U.S.C. § 12203(a)-(b). Additionally, Plaintiff also sues Defendant SAYFIE individually for the claim of intentional infliction of emotional distress with respect to the criminal proceedings against Plaintiff in a probate case as permitted by the U.S Supreme Court's holding in *Bradley v. Fisher*, 80 U.S. 335, 352 (1871) ("Thus, if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority"). Defendant SAYFIE resides in this judicial district and can be served at the following address: <u>175 NW 1ST AVE, ROOM 3045, MIAMI, FL 33128.</u>

16. Defendant, JORGE E. CUETO (hereinafter "CUETO"), is a person, individual, and public entity within the meaning of Title II of the ADA and Title V of the ADA. Defendant CUETO is an instrumentality of the State of Florida and its arm, the Eleventh Judicial Circuit of Florida, public entities with the meaning of Title II of the ADA, by virtue of being the Eleventh Judicial Circuit of Florida's assigned successor probate Judge for the relevant state court proceedings in the Estate of Elias B. Rudnikas; Case # 22-000238 and Guardianship of Marta Santander Rudnikas; 22-003196-GD-02.[3] Defendant, CUETO, became the successor probate

---

[3] However, Judge Cueto did not preside over the administrative Law Practice of Elias B. Rudnikas proceeding with the Florida Bar, only Judge Sayfie.

judge over those cases after Plaintiff, proceeding *pro se,* successfully disqualified the Eleventh Judicial Circuit of Florida's previous Judge on December 21, 2023, for an unconstitutional discriminatory bias and prejudice harbored against Plaintiff in rendering an Order on May 22, 2023, that purportedly did not let Plaintiff filed documents without an attorney, violating his Fourteenth Amendment Constitutional Right of Access to the Courts. *See Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM, [ECF 58-5]. Defendant CUETO is also a person and individual subject to individual liability under 42 U.S.C. § 12203(a)-(b) of Title V of The ADA. *Shotz v. City of Plantation,* 344 F.3d 1161, 1163 (11th Cir. 2003) ("As a matter of first impression, we decide that § 12203 establishes individual liability for a violation of its prohibitions, where the "act or practice" opposed is one made unlawful by Subchapter II"). Like Defendant SAYFIE, Plaintiff sues Defendant CUETO in both his official and individual capacity and relies in part on *Bradley v. Fisher*, 80 U.S. 335, 352 (1871) given that he is a probate Judge holding criminal proceedings. Defendant CUETO resides in this judicial district and can be served at the following address: 73 West Flagler Street, Room 374, Miami, FL 33130.

17.     Defendant, MERCEDES G. GONZALEZ ARTILES (hereinafter "GONZALEZ" or "MERCEDES"), is a Defendant in *Rudnikas v. Gonzalez,* et. al.; Case # 23-CV-21201-JEM. Pursuant to Fed. R. Civ. P. 10 (b)-(c), Plaintiff adopts and incorporates the party description of Mercedes G. Gonzalez Artiles in paragraph 14 of the second amended complaint [DE 64, pg. 6] as if set forth fully herein and attached hereto as Exhibit A. Defendant, Mercedes G. Gonzalez Artiles is also the trustee of the Clara Solis Trust, which she opened using misappropriated assets that the Ward had equitable title to. In December 2022, Mercedes G. Gonzalez Artiles also closed the corporation she had jointly opened with Victor Simons Felix, a convicted felon who was indicted by the United States in Federal Court in Puerto Rico on federal crimes related to asset concealment, perjury, and defrauding a bankruptcy court. *See United States v. Victor Simons-Felix d/b/a S.M Medical Services* on Pacer.

18.     She is also the primary corporate officer for Gonikas Group LLC, Roca Nostra LLC, GeoNostra LLC, and Feel Fuzz LLC. Mercedes G. Gonzalez Artiles list in some, if not all, of these LLC's that 319 Bird Road, Coral Gables, FL 33146 is one of her business addresses even though this is the Ward's homestead property. Mercedes G. Gonzalez Artiles also maintains illicit control of the FPL accounts at the 319 Bird Road homestead property which should have

already been transferred to the State of Florida's Guardian. Mercedes G. Gonzalez Artiles is also engaging in illicit estate planning for the Ward along with her attorneys, even though estate planning is outside her duties as the Personal Representative of the Estate of Elias B. Rudnikas and even though same is outside the scope of the representation of her attorneys, who should have no involvement with the Guardianship. Additionally, Defendant Mercedes G. Gonzalez Artiles is a person and individual subject to 42 U.S.C. § 12203(a)-(b) of Title V of The ADA. *Shotz v. City of Plantation*, 344 F.3d 1161, 1163 (11th Cir. 2003) ("As a matter of first impression, we decide that § 12203 establishes individual liability for a violation of its prohibitions, where the "act or practice" opposed is one made unlawful by Subchapter II"). Defendant Mercedes G. Gonzalez Artiles is also a person subject to 42 U.S.C. § 1985(2) as well any other causes of action in this complaint that she is being sued for in this complaint.

19.     Defendant, MARIA MERCEDES RUDNIKAS (hereinafter "MARIA") is the daughter of Mercedes Gisela Gonzalez (Artiles), resides at 1830 SW 93rd place, Miami, FL 33165, is over the age of eighteen, and is otherwise *sui juris*. Maria Mercedes Rudnikas is also a Defendant in *Rudnikas v. Gonzalez*, et. al.; Case # 23-CV-21201-JEM. Maria Mercedes Rudnikas be served at the following address: 319 Bird Road, Coral Gables, FL 33146. This is the address on her driver's license that she represented to the Coral Gables Police Department she lived at on December 21, 2023. Had Maria Mercedes Rudnikas not told the Coral Gables Police Department that she lived at this address on December 21, 2023, she would have likely been arrested for criminal grand theft and exploitation of a disabled vulnerable adult. The police report is incorporated by reference. Defendant MARIA is a person and individual subject to 42 U.S.C. § 12203(a)-(b) of Title V of The ADA. *Shotz v. City of Plantation*, 344 F.3d 1161, 1163 (11th Cir. 2003) ("As a matter of first impression, we decide that § 12203 establishes individual liability for a violation of its prohibitions, where the "act or practice" opposed is one made unlawful by Subchapter II"). Defendant MARIA is also a person subject to 42 U.S.C. § 1985(2) as well any other causes of action in this complaint that she is being sued for in this complaint.

20.     Defendant, FEEL FUZZ LLC, is a Florida limited liability company with it's principal place of business in this judicial district at 1830 SW 93rd Place, Miami, FL 33165. The President and registered agent is Maria M Rudnikas. The company can be served at the following address: 319 Bird Road, Coral Gables, FL 33146. The company is also person and individual

subject to 42 U.S.C. § 12203(a)-(b) of Title V of The ADA and subject to 42 U.S.C. § 1985(2) as well any other causes of action in this complaint that it is being sued for.

21.     Defendant, THE BILLBROUGH FIRM P.A. (hereinafter "BILLBROUGH") is a law firm and Florida profit corporation situated within this judicial district at 7321 SW 146 Terrace, Palmetto Bay, FL 33158. It is subject to 42 U.S.C. § 12203(a)-(b) and is a person subject 42 U.S.C. § 1985(2).The corporation can be served via it's registered agent Robert N Pelier at the following address: <u>4649 Ponce De Leon Boulevard, Suite 301, Coral Gables, FL 33146</u>

22.     Defendant, LUIS E. BARRETO & ASSOCIATES, P.A. (hereinafter "BARRETO"), is a law firm and Florida profit corporation situated within this judicial district and is served at the following address: <u>2600 S. Douglas Road, Suite 507, Coral Gables, FL 33134.</u> It is subject to 42 U.S.C. § 12203(a)-(b) and is a person subject 42 U.S.C. § 1985(2).

23.     Defendant, LAW OFFICE OF ALEX CUELLO, P.A. (hereinafter "CUELLO"), is a law firm and Florida profit corporation situated within this judicial district. It is arm and instrumentality of the State of Florida, a public entity within the meaning of Title II of the Americans with Disabilities Act, by virtue of being the law firm that represents the State of Florida's Guardian Elena Z. George and the Ward, Marta Santander Rudnikas. It is subject to 42 U.S.C. § 12203(a)-(b) and is a person subject 42 U.S.C. § 1985(2). It can be served at the following address: <u>2655 S. Le Jeune Rd, Suite 1008, Coral Gables, FL 33134.</u>

24.     Defendant, THE LAW OFFICE OF FAUSTO A. ROSALES, P.A. (hereinafter "ROSALES"), is a law firm and Florida profit corporation situated within this judicial district. It is subject to 42 U.S.C. § 12203(a)-(b) and is a person subject 42 U.S.C. § 1985(2). One of it's primary agents is Max Andres Lopez. The firm can be served at the following address: <u>150 Alhambra Cir, Suite 900, Coral Gables, FL.</u>

25.     Defendant, STOKES & GONZALEZ, P.A., (hereinafter "SGPA"") is a Florida Profit Corporation and Law Firm, situated within this judicial district, with its principal place of business located at 7300 NORTH KENDALL DRIVE, SUITE 519, MIAMI, FL 33156. The President of SGPA is Mark L. Stokes and the Vice President is Jacinto Gonzalez. It is a Defendant is subject to 42 U.S.C. § 12203(a)-(b) and is a person subject 42 U.S.C. § 1985(2).

26.     Defendant, ADRIAN BLUE THERAPY CENTER LLC, is a Florida limited liability company within this judicial district with its principal place of business at <u>3220 SW 107</u>

TH CT MIAMI, FL 33165. The company can be served at the following address: 16341 SW
145TH CT, MIAMI, FL 33177. The company is subject to subject to 42 U.S.C. § 12203(a)-(b)
and is a person subject 42 U.S.C. § 1985(2), as a result of it's interference with Plaintiff's federal
lawsuit in *Rudnikas v. Gonzalez, et. al.*; Case # 23-CV-21201-JEM.

## JURISDICTION & VENUE

27. This is an action for declaratory relief, injunctive relief, & damages pursuant to 42 U.S.C.
    § 12132 *et. seq.* for disability discrimination claims brought under Title II of the
    Americans with Disabilities Act; 42 U.S.C. § 12203(b) *et. seq.* for ADA retaliation,
    interference, intimidation, and coercion claims brought under Title V of the Americans
    with Disabilities Act; 42 U.S.C. § 1985 (2) for claims brought under the Civil Rights
    Conspiracy Act of 1871;  29 U.S.C. § 794 for claims brought Section 504 of the
    Rehabilitation Act of 1973. This is also an action for tortious interference with an
    inheritance; intentional infliction of emotional distress; exploitation of disabled
    vulnerable adult; and professional malpractice under Florida Law.

28. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331
    because the claims arise under the Law of the United States.

29. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §
    1367.

30. Venue for this action vests pursuant to 28 U.S.C. § 1391(b) in that Defendants are
    situated in this judicial district and the cause of action accrued in this judicial district.

## FACTS

31.     Pursuant to Fed. R. Civ. P. 10, Plaintiff adopts and incorporates by reference
paragraph 25-72 of Plaintiff's second amended complaint [DE 64] in the related case: *Rudnikas
v. Gonzalez, et. al.* Case # 23-CV-21201-JEM, as if set forth fully herein and attached hereto as
Exhibit A. Plaintiff further states the following:

32.     In September 2022, Plaintiff made Defendant, SGPA, aware that federal litigation
was imminent and foreseeable via an email that Plaintiff sent requesting the preservation of
evidence pursuant to Fed. R. Civ. P. 37. The email is incorporated by reference.

### SGPA APPLIES TO BE INVENTORY ATTORNEY UNDER THE GUISE OF THE
### HIGHWAY NOTWITHSTANDING CONFLICT OF INTEREST

33.     Notwithstanding, on January 30, 2023, to obstruct justice in Plaintiff's imminent
federal lawsuit that was about to be filed, under the guise of the highway, Defendant, SGPA,

entered into an illicit agreement with Defendants Mercedes G. Gonzalez Artiles, Maria Mercedes Rudnikas, Rosales, Cuello, Barreto, George and Billbrough, where SGPA would petition the Florida Bar and the Miami Dade County Circuit Court Judge Sayfie, to be the inventory attorney of the Law Practice of Elias B. Rudnikas, more than year after Elias B. Rudnikas had died and despite SGPA knowing they had a conflict of interest because they had already misappropriated the Federal Maritime Law Practice of Elias B. Rudnikas and taken over all Elias B. Rudnikas's websites and digital assets including intellectual property. Defendants MERCEDES, MARIA, BILLBROUGH, BARRETO, CUELLO, were aware of the conflict of interest that SGPA had when SGPA applied to be the inventory attorney, but nonetheless, conspired with SGPA because MERCEDES and MARIA took part in the criminal destruction via shredding of thousands of documents in the Law Practice of Elias B. Rudnikas located at 3670 NW 6th Street, Miami, FL 33125, without any authorization from any legal tribunal, the majority of which occurred from the date Elias B. Rudnikas died on November 17, 2021 to the date they filed for Probate in mid-January 2022.

34. Defendant, The State of Florida via Eleventh Judicial Circuit of Florida, approved of Mark Stokes (SGPA)'s Petition to be the inventory attorney that SGPA filed a year after Elias B. Rudnikas had died notwithstanding SGPA's conflict of interest. Same had the effect of denying the Ward and Plaintiff their constitutional fundamental right of meaningful access to the state court proceedings.

35. The State of Florida, Sayfie, and the Eleventh Judicial Circuit of Florida never provided Plaintiff nor the Ward with any procedural notice or due process regarding the deceptive Petition filed by Mark Stokes of Stokes & Gonzalez PA in late January 2023 prior to entering the Order appointing SGPA as the purported inventory attorney after Defendant AGPA had already misappropriated all the assets and trade secrets of the Law Practice of Elias B .Rudnikas more than a year earlier as noted by the claims in *Rudnikas v. Gonzalez, et. al.* Case # 23-CV-21201-JEM [ECF 64]. During SGPA's short lived and conflicted representation of the multimillion-dollar federal maritime Law Practice of Elias B. Rudnikas, as an inventory attorney, SGPA only did an inventory of (3) three cases of the Law Practice of Elias B. Rudnikas.

36. SGPA failed to provide a law practice inventory that included the multi-million-dollar good will of the federal maritime Law Practice of Elias B. Rudnikas and failed to include a Law Practice Inventory that included the value of the digital assets of the Law Practice of Elias

B. Rudnikas, including any law firm investment accounts, law firm software, databases, clients lists, trade secrets, westlaw accounts, templates, and the domain websites: *Rudnikas.com*; *leymaritima.com*; *sealaw.com*. Normally, the State of Florida (via the Florida Bar), Sayfie, and the Eleventh Judicial Circuit of Florida authorize the appointment of an inventory lawyer for a deceased attorney as soon as the attorney has died and prioritize the appointment and access of the inventory attorney to the exclusion of any family member or purported Personal Representative in an estate. This is unequivocally shown by all other Florida Bar inventory cases pending and previously filed in Miami Dade County. The docket shows that inventory lawyers for deceased attorneys even have to seek permission from the Eleventh Judicial Circuit of Florida and the State of Florida via Florida Bar to access to the decedent's law office, bank accounts, safe deposit box, and computers.

37.     Here, however, as a result of a discriminatory animus against Plaintiff and the Ward because of their disabilities, Defendants STATE OF FLORIDEA, SAYFIE, and THE ELEVENTH JUDIICAL CIRCUIT OF FLORIDA, authorized the appointment of an inventory attorney a year after the attorney had died and after Defendants SGPA, GONZALEZ, and MARIA had already misappropriated and destroyed the international federal maritime law practice Law Practice of Elias B. Rudnikas.

38.     The lack of notice and opportunity to be heard prior to State of Florida, Sayfie, and the Eleventh Judicial Circuit of Florida, authorizing an inventory attorney one year after the attorney had passed and after the Law Practice had already been misappropriated and destroyed in a quasi-criminal manner, had the effect of denying Plaintiff and the Ward their constitutional fundamental right of meaningful access to the State Court proceedings. The State of Florida, Eleventh Judicial Circuit of Florida, and Sayfie's actions with respect to the Florida Bar not appointing an inventory attorney as soon as Elias B. Rudnikas had died constitute deliberate indifference to the federal disability rights of Plaintiff and the Ward because Plaintiff emailed the Florida Bar on November 30, 2021, informing them that Elias B. Rudnikas had already died, to which the Florida Bar acknowledged and change the records of Elias B. Rudnikas's abr page to reflect deceased.

39.     At that point in time, on November 30, 2021, when the State of Florida Bar via the Florida Bar, was informed by Plaintiff that his father had died, resulting in the change the records of Attorney Elias B. Rudnikas's bar page to reflect "deceased" on November 30, 2021, is

when the State of Florida, the Supreme Guardian of the Ward, should have via it's arm, the Florida Bar, the Eleventh Judicial Circuit of Florida, and Sayfie, appointed an inventory lawyer for the multi million dollar Federal Maritime Law Practice of Elias B. Rudnikas like it does for every other attorney in Miami Dade County. Plaintiff's. The State of Florida's failure to do so constitutes deliberate indifference to the federal disability rights of the Ward, who needed the reasonable accommodation of an inventory attorney being appointed as soon as possible given her disability that renders her incompetent, prior to Defendant GONZALEZ, MARIA,  and SGAP raiding the Law Practice and destroying it.

40.     To date, the State of Florida, the Supreme Guardian of the Ward Marta Santander Rudnikas, has done nothing either via the Florida Bar, the Eleventh Judicial Circuit of Florida, or Sayfie to investigate or otherwise take subsequent remedial measures with respect to Defendant GONZALEZ, SGPA, MARIA., BILLBROUGH, BARRETO, ROSALES, CUELLO, FEEL FUZZ LLC, for their respective roles in the unauthorized illicit destruction of the multi-million dollar international federal maritime law practice of Elias B. Rudnikas located at <u>3670 NW 6th Street, Miami, FL 33125</u> without any accounting or inventory of for the International Law Practice.

### <u>THE STATE OF FLORIDA VIA THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA APPROVES OF MARIA MERCEDES RUDNIKA'S CLAIM AS A CREDITOR FOR PURPORTED EXPENSES INCURRED FROM AN ACCOUNT IN THE NAME OF ELIAS B. RUDNIKAS WHILE ELIAS B. RUDNIKAS WAS ALIVE AND THAT IS LISTED IN THE ORIGNAL APRIL 2022 INVENTORY.</u>

41.     Around the same time period, Defendant State of Florida and  Eleventh Judicial Circuit of Florida, also approved of the (fraudulent) creditor claim filed by Defendant Maria Mercedes Rudnikas in the Estate of Elias B. Rudnikas in October of 2022, with the aid of Defendant The Law Office of Fausto Rosales, P.A., against the Ward via the Estate of Elias B. Rudnikas, where Maria Mercedes Rudnikas, claimed entitlement to $20,000.00 in expenses <u>from a BankUnited account listed in the estate inventory while Plaintiff's father was alive.</u> The purported expenses were primarily for checks purportedly signed, on behalf of the Law Practice of Elias B. Rudnikas, to Teresa Galindo despite being from an account in Elias B. Rudnika's name; despite not being authorized by the Florida Bar; despite the Law Practice not being in the estate inventory; and despite Teresa Galindo already being agent of Defendant, SGPA, once

Plaintiff's father passed on November 17, 2021 given her breach of loyalty involved with letting Mercedes G Gonzalez Artiles and Defendant Maria, into the Law Office of Elias B. Rudnikas and giving her the keys to the office without any Order from a probate Court, the Florida Bar, or any tribunal for that matter.

    42.    At all material times, Defendant, The Law Office of Fausto Rosales, P.A., was aware that Defendant Maria Mercedes Rudnikas was not in fact a creditor to the Law Practice of Elias B. Rudnikas, as shown by the fact that they attempted to redact the account numbers, showing that the BankUnited account was the same Bank United listed in the estate inventory in Elias B. Rudnikas's name in their December 2022 *nunc* filing and because it is axiomatic that someone who is unemployed, like Defendant MARIA, does not have the financial means of paying the salary and expenses of a multi-million dollar international federal maritime Law Practice. The *nunc* motion was also done to obstruct the due course of justice in the state court proceedings of the Estate of Elias B. Rudnikas because Defendant ROSALES represented the Personal Representative of the Estate of Elias b. Rudnikas in the Guardianship of Marta Santander Rudnikas jointly with her daughter Defendant MARIA, as co-petitioners for the guardianship of Marta Santander Rudnikas in June of 2022. Defendant ROSALES accepted monies as early as June 2022 from Defendant MARIA and Defendant GONZALEZ, that Defendant ROSALES had reason to know came from the misappropriated assets of the disabled incompetent Ward, Marta Santander Rudnikas, because neither Defendant MARIA nor Defendant GONZALEZ have jobs or can provide lawful proof Defendant ROSALES with proof of income. Defendant ROSALES had reason to know the monies they were accepting from Defendants MARIA and GONZALEZ, to file more meritless claims for reimbursement against the incompetent Ward in the Estate of Elias B. Rudnikas, were from the Ward's misappropriated assets such as the Keogh Retirement Account. These misappropriated assets also included bank accounts, such as BankUnited, N.A as well as other banks, that they were illicitly paid monies from by MARIA and GONZALEZ to file for guardianship in June of 2022. That is further supported by the fact that Defendant ROSALES listed checking and saving accounts in the guardianship application in June of 2022.

## ANONYMOUS LETTER AND FIRST CONFLICTED APPEARANCE IN FEDERAL SUIT

43.    On March 27, 2023, Plaintiff initiated the related ADA lawsuit against the State of Florida: *Rudnikas v. Gonzalez, et. al.* Case # 23-CV-21201-JEM [ECF 64] *Id.*

44.    On March 28, 2023, Plaintiff's attorney in guardianship received a purported anonymous letter from someone naming themselves "Elder S." The Envelope and the Letter was delivered shows it was sent from the same zip code as the address of the legal residence of Defendant Mercedes G. Gonzalez Artiles: 33165. The letter and envelope provides strong evidence suggesting Defendant Mercedes G. Gonzalez Artiles's discriminatory animus against Plaintiff, on the basis of his ADHD disability and his protected activity of participating in his previous Federal ADA lawsuit. The letter and envelope are attached as an Exhibit.

45.    On April 20, 2023, Defendant, BILLBROUGH, filed an appearance on behalf of Defendant Mercedes G. Gonzalez Artiles, individually and in her capacity as the Personal Representative, in *Rudnikas V. Gonzalez; et. al.;* Case # 23-CV-21201-JEM. The dual appearance was filed notwithstanding that Defendant, BILLBROUGH, was aware there was a conflict of interest, in representing Defendant Mercedes G. Gonzalez Artiles in both capacities, as proven by the timesheet entries in the January 2024 motion for attorney's fees filed in the Estate of Elias B. Rudnikas for the April 2023 time period where Defendant BILLBROUGH explicitly acknowledged the conflict of interest and "issues" involved with representing Defendant Gonzalez in both capacities. On April 20, 2023, Defendant BILLBROUGH filed a Motion to Dismiss Plaintiff's Complaint and did not file a cross claim or related claim against Defendant Stokes & Gonzalez PA. To Plaintiff's knowledge, at the present time, Defendant BILLBROUGH, the firm that represents the Personal Representative of the Estate of Elias B. Rudnikas, has not pursued any federal litigation against Defendant Stokes & Gonzalez, P.A. despite having a professional obligation to do so.

## HOMESTEAD HEARING HELD BY STATE OF FLORIDA via THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA WITHOUT ANY REPRESENTATION FOR THE INCOMPETENT WARD DESPITE THE APPOINTMENT OF A GUARDIAN

46.    On May 15, 2023, Defendant(s) the State of Florida via the Eleventh Judicial Circuit of Florida, held a hearing related to a petition for a determination of homestead filed by

Plaintiff for the Ward, Marta Santander Rudnikas, in the Estate of Elias B. Rudnikas; Case # 22-000238-CP-02.

47.     Defendant, the State of Florida via the Eleventh Judicial Circuit of Florida, went forward with the May 15, 2023 hearing <u>even though the Ward was not represented by an attorney</u> as a result of the absence of the State of Florida's Guardian Elena Z. George and the Guardian's Counsel, Alex Cuello. Cuello and Elena Z. George, intentionally did not attend the hearing to violate Marta Santander Rudnikas's 14th amendment constitutional rights. Specifically, the illicit agreement was entered into by Defendants CUELLO with Elena Z. Geroge and with Defendants GONZALEZ, MARIA, BARRETO, BILLBROUGH, ROSALES, wherein CUELLO, would not attend the hearing so that the State of Florida via Eleventh Judicial Circuit of Florida would not declare the 319 Bird Road property to be the homestead property so that they could put a lien on the homestead property and to fabricate a meritless *Rooker Feldman/Res Judicata* defense for Plaintiff's related federal lawsuit in *Rudnikas v. Gonzalez, et. al*; Case # 23-CV-21201-JEM [ECF 64]. This is proven by the fact that they mentioned Plaintiff's federal lawsuit at the hearing and by the fact that Defendant BILLBROUGH, then drafted the Order signed by Defendant, the State of Florida via the Eleventh Judicial Circuit of Florida, that had nothing to do with what transpired at the May 15, 2023 hearing as shown by the transcript. After the Order was signed, Defendant BILLBROUGH the proceeded to attach the Order to his second Motion to Dismiss filed in the Federal Case in late May 2023 attempting to retroactively fabricate his *Rooker Feldman* argument with respect to the December 2022 exparte void Order that was issued without any notice or due process and after Plaintiff had already divested the Lower Tribunal of subject matter jurisdiction with his Notice of Appeal in Third DCA Case No. 22-2157.

48.     Defendant BILLBROUGH did not bother including any language in the proposed order he drafted verbatim that stated 319 Bird Road was the homestead property of the Ward, Marta Santander Rudnikas. Instead, Defendant BILLBROUGH made sure that an Order denying the homestead was entered, under the sanctimonious guise of the highway of sanctioning Plaintiff, for prosecuting ongoing appeals in the Third DCA that Plaintiff only had to pursue because of the breach of fiduciary duty, professional negligence, and disability discrimination of Defendants GONZALEZ, BILLBROUGH, BARRETO, CUELLO, against the Ward, Marta

Santander Rudnikas, the intended third party beneficiary of their services under Florida Third Party Exception to the Privity Rule.

49.     Instead, the Defendants decided to hold another homestead determination hearing months latter without any relinquishment of jurisdiction from the Third District Court of Appeal to charge tens of thousands of dollars more in attorney's fees to exploit the Ward, aid and abet the Pesonal Representative in breaching her fiduciary duty, and overall, commit more professional negligence.

### CUELLO'S FAILURE TO OBTAIN HOMESTEAD TAX EXEMPTION, COLLECT RENTS, OBTAIN  PROPERTY INSURANCE , AND MISMANAGEMENT OF THE WARD'S REAL PROPERTY ASSETS

50.     Relatedly, Defendant CUELLO, the firm that represented the State of Florida's Guardian for the Ward, Marta Santander Rudnikas, never obtained the homestead tax exemption for the years 2022 and the year 2023 on the homestead property of the Ward at 319 Bird Road, Coral Gables, FL 33146. Defendant CUELLO also never obtained homeowner's insurance or any type of property insurance neither for 319 Bird Road nor the 3670 NW 6th Street property that the Ward had equitable title and just let the properties depreciate in value.

51.     In fact, Defendant CUELLO never made any meaningful effort throughout the entire course of the guardianship proceedings from July 2022 to May 28, 2024 to properly manage nor invest the aforementioned multi-million dollar real estate properties of the disabled incompetent Ward despite having an professional obligation to do so under the Florida Guardianship Statutes. Defendant CUELLO never collected any rents nor hired any management company to rent out the properties to generate income for the to the Guardianship.

52.     The 3670 commercial property could have generated $10,000.00 a month in revenue to the guardianship had it been rented out during the last two years.The top vacant apartment and separate living unit of the 319 Bird Road Property could have easily generated $5,000 a month. More than enough to pay for any expenses of the Ward for caretakers and any excessive attorney's fees

53.     Unfortunately, instead of taking measures to invest, rent, and manage these properties of the Ward, the primary beneficiary of his legal services under Florida Law, throughout the two years he served as a guardianship attorney, Defendant CUELLO let the properties deteriorate  in value causing internal and external damage.

54.    At one point, around June 2023, Plaintiff even offered Defendant CUELLO to rent out the <u>319 Bird Road, Coral Gables, FL 33146</u> top living unit at $2,700 a month, to no avail.

55.    Almost a year after Plaintiff had requested Defendant CUELLO to permit Plaintiff to rent out the vacant upstairs property and offered to pay $2700 a month to provide income for the Ward, Defendant CUELLO then requested that that Defendant CUETO allow him to make repairs to the vacant apartment. Specifically, so that he could rent it out to provide income for the Ward.

## PROFESSIONAL MALPRACTICE BY BARRETO, BILLBROUGH, CUELLO IN STATE COURT APPEALS IN ESTATE OF ELIAS B. RUDNIKAS

56.    Relatedly, as result of Defendant CUELLO'S professional negligence Plaintiff had to file several appeals in the Estate of Elias B. Rudnikas that Defendant CUELLO had a professional obligation to pursue himself as the attorney for the State of Florida's Guardian for the Ward. Had Mr. Cuello participated and prosecuted these appeals in the Third DCA himself in his capacity as the attorney/firm for the State of Florida's Guardian for the Ward, favorable outcomes would have been obtained for the Ward, Marta Santander Rudnikas, the primary beneficiary of his legal services.

57.    Unfortunately, Plaintiff had to voluntarily dismiss the majority of these appeals to protect his federal lawsuit as Defendant BILLBROUGH, GONZALEZ, and BARRETO made relentless efforts to try and *Rooker-Feldman/res judicata* Plaintiff in an attempt to try and keep him out of the Federal Courthouse. Given this risk, Plaintiff could not proceed with the majority of these appeals.

58.    On May 18, 2023, Plaintiff was forced to voluntarily dismiss his appeal in Third DCA Case No. 23-0306 to protect his federal lawsuit, as a result of the professional malpractice Defendants BILLBROUGH, BARRETO, AND CUELLO. Specifically, the appeal was regarding the claim filed by Maria Mercedes Rudnikas against the Estate of Elias B. Rudnikas for expenses purportedly incurred while Elias B. Rudnikas was alive that Defenant Maria Mercedes Rudnikas purportedly paid from the referenced Bank Untied account listed in the estate inventory in the name of Elias B. Rudnikas that was mentioned *supra*. Defendant BARRETO had previously acknowledged to Plaintiff's former attorney, Michael Dribin, months

earlier that the claim was frivolous with respect to expenses paid while Elias B. Rudnikas was alive. Unfortuntately, Plaintiff was forced to voluntarily dismissed the appeal on May 18, 2023, to protect his federal lawsuit because Defendants BILLBROUGH & BARRETO, filed a motion to dismiss the appeal advocating for the Ward's adversary, Maria Mercedes Rudnikas, instead of advocating for the disabled incompetent Ward, Marta Santander Rudnikas, the intended third party beneficiary of their legal services. Defendant ROSALESfiled a Notice of joinder of the Motion to Dismiss. Defendant CUELLO did not intervene in the appeal or otherwise seek to have the Order vacated on behalf of the Ward.

59.    Likewise, during this same time period, Defendants BILLBROUGH, BARRETO, and CUELLO, charged thousands of dollars in attorney's fees to related to the other appeals in the Third DCA that were pursued by Plaintiff as result of their own professional negligence including but not limited to, appeals related to: 1) paying the taxes on the Ward's homestead property without the homestead tax exemption; 2) appeals related to paying the taxes on the commercial property notwithstanding that a delinquent certificate would later be issued on the property for failure to pay the taxes; 3) appeals related to the fraudulent real estate contract with the former third party Luis Lester Rodriguez that was dismissed as moot by the Third DCA given that the Mr. Rodriguez backed out of the sales contract; 4) and appeals related to opposing the determination of the Ward's homestead property at 319 Bird Road, Coral Gables, FL 33146. None of the work or attorney's fees charged resulted in any benefit to the Ward or to the Estate of Elias B. Rudnikas.

60.    . They are the same appeals that Defendants BILLBROUGH, BARRETO, CUELLO, GEORGE, MERCEDES, have used to falsely characterize Plaintiff as a "serial litigant."[4]

<u>MORE PROFESSIONAL NEGLIGENCE BY DEFENDANT CUELLO AND DISCRIMINATORY DENIAL OF FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS BY THE STATE OF FLORIDA AND IT' S ARMS/INSRUMENTALTIES AGAINST WARD AND PLAINTIFF</u>

---

[4] In Florida, the probate rules and appellate rules were changed a long time to require every Order in a probate case to be appealable. As a result, someone can have five different appeals in a probate case in Florida. Same is perfectly normal and is legally required. Also, in Federal Court, unlike under Florida State Law, the only thing multiple appeals means is that the case needs to be reassigned to another judge. See.

61.     From May 2023 to November 2023, Plaintiff requested via email, to no avail, the reasonable disability accommodation on behalf of the Ward and Plaintiff, of meaningful access to the state court proceedings, by requesting that Defendant CUELLO, investigate certain issues related to the Ward involving her homestead property and the visitors that enter the property; the maladministration of the Estate of Elias B. Rudnikas including the misappropriation of assets by Defendant Mercedes G. Gonzalez Artiles, her daughter, their agents, and third parties; the accounts of Mercedes G. Gonzalez; the attorneys of Defendant BARRETO, etc. Defendant CUELLO refused to act or otherwise take any other subsequent remedial measures on behalf of the Ward to provide the fundamental constitutional right of meaningful access to the State court proceedings. Plaintiff also requested countless times to be provided with equal and meaningful visitation rights to the Ward that were being provided to every other person. The emails are attached to Plaintiff's *Renewed Petition for Removal of the Guardian and For Appointment as Successor Guardian* filed on November 21, 2023. See Rudnikas v. Gonzalez, et. al.; Case # 23-CV-

62.     In early September 2023, Defendant ROSALES and MARIA, filed in the Guardianship of Marta Santander Rudnikas, another purported claim for reimbursement of expenses and for attorney's fees incurred by the Law Office of Fausto Rosales PA, on behalf of Defendant Mercedes G. Gonzalez Artiles and Defendant Maria Mercedes Rudnikas, two years earlier for work done in opposing Plaintiff's Guardianship application.

63.     The Law Office of Fausto Rosales, P.A.; Maria Mercedes Rudnikas; and Mercedes G. Gonzalez Artiles had opposed Plaintiff's application two years earlier for the guardianship solely on the basis of Plaintiff's protected activity of his participation in his Federal ADA lawsuit against Nova Southeastern University and on the basis of his ADHD disability. The text messages are incorporated by reference.

64.     Defendant ROSALES, GONZALEZ, MARIA, during the relevant time frame two years prior, even went as far as insisting to Plaintiff's Guardianship attorney at the time, Teresa Hoffman, that Plaintiff agree not to involve himself in matters involving the Ward's health, falsely implying that he was danger to his grandmother because of his protected activity and his disability. They made these discriminatory requests and statements notwithstanding that they had requested Plaintiff to sign on behalf his grandmother many months earlier. Plaintiff could not agree. This went on for several weeks with Defenant ROSALES, GONZALEZ, AND

MARIA, until Plaintiff got another attorney Michael Dribin, resulting in the immediate appointment of a Guardian. Posed otherwise, the September 2023 filing sought attorney's fees against the Ward to be awarded for discriminating against Plaintiff in the state court proceedings.

65.     On September 26, 2023, Plaintiff visited his grandmother, the Ward, for her birthday after having to insist same to Defendants CUELLO and GEORGE. When Plaintiff arrived for the visit at the 319 Bird Road homestead property, the Ward was so inflamed in her face that Defendant GEORGE made a comment about how inflamed his grandmother's face was. In light of the specific circumstances, Plaintiff believed that Defendant Mercedes G. Gonzalez Artiles had been illicitly injecting Plaintiff's grandmother days before given that Defendant GEORGE and CUELLO, could not explain why Defendant GONZALEZ had been at the Ward's homestead property back in May 2023, late at night for several hours, without the Guardian present, when Plaintiff had inquired as to same and given Defendant GONZALEZ'S history as a pharmacist and the fact that she appeared to have authorized morphine to the Ward in March 2022 notwithstanding that the Ward did not have a Guardian at that time.

66.     On October 21, 2023, Plaintiff visited his grandmother again at <u>319 Bird Road, Coral Gables, FL 33146</u>. Plaintiff noticed that his grandmother's face returned back to normal and that she was no longer inflamed as she was in the visit a month earlier. The former caretaker Lisette and Defendant GEORGE would periodically walk into the room while Plaintiff was visiting. They both noticed that the visit went well and his grandmother was happy to see him. Plaintiff has the recording. Plaintiff's recording is permitted under the Electronic Communications Privacy Act of 1986 because the visits are private between Plaintiff and his grandmother. And Plaintiff has third party standing to consent to the recording on behalf of his grandmother.

67.     On October 28, 2023, Plaintiff was driving by the 319 Bird Road property and witnessed Defendant Mercedes G. Gonzalez Artiles trespass the Ward's homestead property without the State of Florida's Guardian's present. Plaintiff immediately called the police and the Coral Gables Police Department arrived to the scene. The whole incident was captured on body cam. Defendant GEORGE told the Coral Gables Police Department that Defendant GONZALEZ was not permitted to be in the bottom apartment of the property where the Ward lives and could only be in the top vacant apartment of the duplex.

68.     The Coral Gables Police Department went into the property and confirmed that that the Ward was receiving purported prescribed medication that the State of Florida's Guardian had never disclosed to the Guardianship Court.

69.     Defendant, GONZALEZ, also stated to the Coral Gables Police Department that there was an Order requiring Plaintiff's visits with the Ward to be supervised despite no Order being in existence and despite the fact that Defendant GONZALEZ should have no involvement with Plaintiff's visits to the Ward or any other guardianship matters. Defendant GONZALEZ also showed her Letters of Administration and illicitly claimed to the Coral Gables Police Department that the homestead property was property of the Estate of Elias B. Rudnikas. The body cam is incorporated by reference.

70.     Following the incident, ELENA Z. GEORGE, emailed Plaintiff that same night that Defendant Mercedes G. Gonzalez Artiles, was solely at the property to obtain "Elias's documents".

71.     Several days after the October 28, 2023 incident, Defendant Mercedes G. Gonzalez Artiles again requested permission from the State of Florida's Guardian Elena Z. George requesting permission to trespass the property again (presumably to obtain and spoil more documents of Elias Rudnikas)

72.     Elena Z. George, responded to Defendant Gonzalez and told her it would "be risky" to go trespass the Ward's homestead property again. This is shown by Elena Z. George's timesheets.

73.     · In early November 2023, Elena Z. George sent Plaintiff a discriminatory email that stated *" the need to facilitate your visits is your own doing. You should evaluate your own behavior."*

74.     The email was completely discriminatory because Defendant CUELLO and Elena Z. George had imposed supervised visitation on Plaintiff and no other person <u>as early as September 2022</u> after they were told discriminatory hearsay by Defendant Mercedes G. Gonzalez Artiles, <u>before they had even met Plaintiff.</u>

75.     On November 21, 2023,  Plaintiff filed his *Renewed Petition for Removal of the Guardian and for Appointment as Successor Guardian of Marta Santander Rudnikas* in the Guardianship Proceedings being presided over by Defendant, State of Florida, the Supreme Guardian of Marta Santander Rudnikas via its arm, Defendant, the Eleventh Judicial Circuit of

Florida. The petition is publicly available on the Miami Dade County Clerk of Court docket and is incorporated by reference.

76.     At the November 21, 2023, the State of Florida via the Eleventh Judicial Circuit of Florida, held the guardianship hearing that was noticed for the Guardian's Report to the Court regarding the DCF investigation initiated by Plaintiff and Plaintiff's Response to same, Plaintiff's petition for interim judicial review regarding visitation with the Ward, and the Guardian's motion to strike the original petition for removal of the Guardian that became moot once Plaintiff file his Notice of Voluntary Dismissal without prejudice before the hearing and refiled his renewed *Petition for Removal of the Guardian.*

77.     Unfortunately, right before the hearing, motivated by a discriminatory animus against Plaintiff, Defendant CUELLO and GEORGE, filed a copy of the October 28, 2023 police report to give the false impression that they had to call the cops on Plaintiff at one of his visits as a result of his disability. This was done at the direction of BARRETO and BILLBROUGH as shown by CUELLO'S timesheets shown in the January 2024 petition for attorneys fees filed by Alex Cuello. Defendant CUELLO falsely represented to the State of Florida via the Eleventh Judicial Circuit of Florida, that Plaintiff had caused "chaos" at his visits to discriminate against Plaintiff on the basis of his disability and his protected activity. Both Defendants CUELLO knew that their statements were false, discrimination, and defamatory.

78.     Unfortunately, the false statements and discriminatory hearsay reports contributed to and resulted in the State of Florida via the Eleventh Judicial Circuit of Florida, discriminating against Plaintiff, on the basis of his ADHD disability, denying him his fundamental constitutional right of access to the Courts. The State of Florida via the Eleventh Judicial Circuit of Florida even referenced prior supervision orders that it had never previously entered and made repeated references to Plaintiff's "behavior" just like Elena Z. George. The State of Florida via the Eleventh Judicial Circuit of Florida then struck *Plaintiff's Renewed Petition for Removal of the Guardian and for appointment as Successor Guardian* despite not being noticed for hearing and entered Order denying his petition for visitation with the Ward and stated Plaintiff would have to have an evidentiary hearing with the Coral Gables Police Department, implying that the State via Eleventh Judicial Circuit of Florida was requiring Plaintiff to prove that he was not danger to his grandmother as a result of his ADHD disability. The Judge also yelled at Plaintiff's mother, Astrid Perdmo, who was only there to talk about the DCF investigation and who was a

witness to the October 28, 2023 incident and could testify that no chaos had been caused. The discrimination was so bad that Plaintiff ended up having to disqualify the Judge shortly after. The transcript of the hearing is incorporated by reference.

79.     In early December 2023, Plaintiff recorded a federal *lis pendens* in the Miami Dade County Official Records for 3670 NW 6th Street Miami, FL 33125, based on the outcome of this federal lawsuit using the first amended complaint in *Rudnikas v. Gonzalez, et. al.* Case # 23-CV-21201-JEM.  No Defendant to this lawsuit nor any third party moved this Federal Court to intervene and discharge the Federal Lis Pendens within (30) thirty days as required by Florida statute.

80.     On December 6, 2023, a hearing was held on Defendant Maria Mercedes Rudnikas claim for expenses and attorneys filed in September 20223 in the Guardianship of Marta Santander Rudnikas. Plaintiff did not attend but hired a court reporter for the hearing.

81.     The transcript of the hearing shows that Defendants, MERCEDES, MARIA, BILLBROUGH, BARRETO, ROSALES, and CUELLO, conspired to violate Marta Santander Rudnikas's 14th amendment constitutional rights by depriving her of her property without any due process. Specifically, the agreement was that Defendant CUELLO would simply agree to Defendant MARIA, MERCEDES, ROSALES claim for $10,000.00 in purported expenses and attorneys fees from the Ward.

82.     Defendant CUELLO, again did not show up to the December 6, 2023, hearing similar to the May 15, 2023, homestead hearing in the Estate of Elias B. Rudnikas that he was absent for despite having a professional obligation to be present to defend the Ward from the fraudulent claim by MARIA and ROSALES.

83.     Defendant, the State of Florida via the Eleventh Judicial Circuit of Florida, did not even bother asking why the Guardian's Counsel was not present for the hearing and approved of the claim for attorney's fees. Defendant, the State of Florida via the Eleventh Judicial Circuit of Florida, even instructed Defendant ROSALES, to submit the Order without any instructions as to what language the proposed Order was supposed to contain.

84.     Defendant, GONZALEZ attended the hearing personally along with Defendant BARRETO.

85.     All Defendants in attendance, as shown by the transcript, attempted to give the false impression that Defendant GONZALEZ and Defendant MARIA were opposing parties that were represented by different Counsel.

86.     The representation is misleading because Defendant ROSALES is the Counsel of Record in the Guardianship for both Maria Mercedes Rudnikas and Mercedes G. Gonzalez Artiles given that Max Lopez has never withdrawn his representation from Defendant Mercedes G Gonzalez Artiles and given that they applied to be guardian in June of 2022 as co-petitioners.

87.     On December 15, 2023, Plaintiff successfully disqualified the State of Florida's Guardianship Judge presiding over the Guardianship of Marta Santander Rudnikas for an unconstitutional bias and prejudice against Plaintiff shown at the November 21, 2023, hearing. *See Rudnikas V. Gonzalez; et. al. Case # 23-CV-21201-JEM, Motion to Enjoin and Stay State Court Proceedings* filed January 22, 2024 [DE 58-4], which this Court can take judicial notice of.

88.     On December 21, 2023, at approximately 9 am, Plaintiff, proceeding *pro se*, successfully disqualified the State of Florida's same Probate Judge presiding over the Estate of Elias B. Rudnikas for entering the Order that stated Plaintiff was not allowed to file documents without an attorney in the Estate of Elias B. Rudnikas in May of 2023. *See Rudnikas V. Gonzalez; et. al. Case # 23-CV-21201-JEM, Motion to Enjoin and Stay State Court Proceedings* filed January 22, 2024 [DE 58-5], which this Court can take judicial notice of.

89.     That same morning, Defendant, BARRETO, GONZALEZ, BILLBROUGH (Co-Counsel) had requested that the Judge not disqualify herself in an email sent to the Judge's Judicial Assistant earlier that morning.

90.     On the same day, December 21, 2023, immediately following the Judge's disqualification, Plaintiff via his agent called the Coral Gables Police Department and Department of Children & Families after noticing Defendant Mercedes G. Gonzalez Artiles and Defendant Maria Mercedes Rudnikas as well as several other individuals removing items from his incompetent grandmother's home with the aid of the caretaker and at the direction and instruction of Defendants, CUELLO, BILLBROUGH, BARRETO, and Elena Z. George. Upon information and belief, Defendants were removing dispositive evidence relevant to Plaintiff's related federal lawsuit: *Rudnikas V. Gonzalez; et. al. Case # 23-CV-21201-JEM,* [ECF 64].

91.     In January 2024, the probate attorneys, Defendants, BILLBROUGH, BARRETO, CUELLO, filed their motion for attorney's fees in the Estate of Elias B. Rudnikas and Guardianship of Marta Santander Rudnikas, including charging fees related to the several Third DCA appeals, guardianship, and the federal case. *See Rudnikas v. Gonzalez, et al.;* Case # 23-CV-21201-JEM [ECF 58-7].

92.     Defendants, BILLBROUGH and BARRETO, charged attorneys fees related to the guardianship even though the guardianship is outside the scope of their representation of the Personal Representative and even though they are not entitled to attorney's fees related to the Guardianship Proceedings because they do not represent the State of Florida's Guardian. This was done with the purpose of intimidating and coercing Plaintiff into dropping his Federal ADA lawsuit, a protected activity. Posed otherwise, on account of having exercised a right protected by the ADA. Defendants, BARRETO and BILLBROUGH, even charged more guardianship attorney's fees than Defendant CUELLO.

93.     The timesheet entries show they had the petition to ratify sale, donation, and abandonment of the disabled incompetent Ward's property while the Ward was incompetent without a Guardian to advocate for her interests, ready as of April 2023 before BILLBROUGH filed an appearance on behalf of Defendant Mercedes G. Gonzalez Artiles. BILLBROUGH was aware before he even filed his appearance on April 20, 2023, that Defendant Mercedes G. Gonzalez Artiles did not have the computers and spoiled them. Yet, Defendant BILLBROUGH, vexatiously multiplied proceedings and did not file the petition to ratify sale, donation, and abandonment of the Ward's property until more than a year later after the discovery deadline in the related Federal Case, with the purpose of charging hundreds of thousands more in attorney's fees and exploiting the Ward, under the sanctimonious guise of the highway. Specifically, under the sanctimonious guise of having to defend the estate from litigation initiated by Plaintiff and calling him a "vexatious litigant" or "serial litigant".

94.     The timesheet entries also show Defendants BILLBROUGH and BARRETO charging tens of thousands of dollars for a whole year attempting to get an inventory attorney for the Law Practice of Elias B. Rudnikas with the Florida Bar (The State of Florida), even as late as February 2024, to no avail.

95.     On January 22, 2024, Plaintiff filed his Motion to Enjoin and Stay State Court Proceedings under the Federal All Writs Act and Exceptions to the Anti-State Injunction Act in the related Federal case. See *Rudnikas v. Gonzalez*; et. al. Case # 23-CV-21201-JEM; [DE 58].

96.     On February 7, 2024, Plaintiff filed the second amended complaint in the aforementioned related federal case. *See Rudnikas v. Gonzalez; et. al.;* Case # 23- CV-21201-JEM; [DE 64].

97.     Plaintiff's claim under Title II of the ADA and ongoing participation in the prosecution of the claim is a statutorily protected activity within the meaning of 42 U.S.C. 12203(a)-(b) and Section 504 of the Rehab Act.

98.     In early March 2024, Defendant BILLBROUGH, filed an appearance on behalf of the State of Florida's Guardian Elena Z. George, despite the fact that he had a conflict of interest because he was already representing Defendant Mercedes G. Gonzalez Artiles. Posed otherwise, he purportedly took on the representation of the State of Florida's Gaurdian for the Ward, Marta Santander Rudnikas, while simultaneously representing the Personal Representative of the Estate of Elias B. Rudnikas notwithstanding the impermissible conflict of interest. This was done intentionally to interfere with Plaintiff's federal ADA lawsuit in violation 42 U.S.C. 12203(a)-(b) and 42 U.S.C. 1985(2). Plaintiff was forced to voluntarily dismiss without prejudice the claims against Alex Cuello and Elena Z. George because of BILLBROUGH'S unlawful interference. Defendant JUNGE also had a professional obligation to file an appearance on behalf of the State of Florida's Guardian and unlawfully interfered, on account of Plaintiff having exercised the right of his participation in said Federal ADA Lawsuit, in violation of 42 U.S.C. 12203(a)-(b) by letting Defendant BILLBROUGH filed an appearance on behalf the State of Florida's Guardian for the Ward Marta Santander Rudnikas while representing the Personal Representative of the Estate of Elias B. Rudnikas, whom the Guardian is suppose to put a check on given the dynamic of the fiduciary relationship under Florida Law. As the attorney for the State of Florida, the Supreme Guardian of the Ward, Defendant JUNGE had a professional and legal obligation to instruct the State of Florida to either remove it's Guardian Elena Z. George or file an appearance on behalf of its Guardian Elena Z. George.

99.     On March 21, 2024, Plaintiff recorded in the Miami Dade County Official Records, pursuant to 28 U.S.C. § 1964 and Fla. Statutes, a subsequent federal Lis pendens on

3670 NW 6th Street, Miami, FL 33125, attaching the second amended complaint filed February 7, 2024 [DE 64].[5]

100. On March 25, 2024, the Third DCA denied Defendant Mercedes G. Gonzalez Artiles's motion for appellate attorney's fees incurred by DEFENDANT BILLBROUGH and DEFENDANT BARRETO for the state court appellate proceedings as untimely under the Florida Rules of Appellate Procedure. The Order is the law of the case as to the other previous Third DCA appeals since the previous appeals were explicitly mentioned in the motion and no timely motion for appellate attorney's fees was made in the previous appeals either. Posed otherwise, the appeals that Defendant BILLBROUGH, GONZALEZ, BARRETO, ROSALES, MARIA, FEEL FUZZ LLC try and false use against Plaintiff in nearly every court filing did not result in any award of appellate attorney's fees to neither BARRETO and BILLBROUGH because their professional negligence as attorneys/law firms for the Personal Representative also extended to not being able to follow the correct procedure for timely filing a motion for appellate attorney's fees under the Florida Rules of Appellate Procedure.

101. On March 26, 2024, Alex Cuello of Defendant, the Law Office of Alex Cuello PA, Counsel for the State of Florida's Guardian, requested that the State of Florida transfer the 3670 commercial property to Plaintiff's incompetent grandmother and requested full distribution of the estate of Elias b. Rudnikas to the Guardianship of Marta Santander Rudnikas. Defendants, State of Florida via the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie, refused to transfer the 3670 property to the Guardianship despite the Ward being the sole beneficiary of the Estate.

102. The transcript of the March 26, 2024, hearing is incorporated by reference and is publicly available, attached to Plaintiff's Response in Opposition to the Motion to Expedite in the pending Florida Supreme Court proceedings for the Ward's homestead that formed the basis of granting Plaintiff's Motion for Extension of Time that the Florida Supreme Court granted.

103. Relatedly, upset that her motion for appellate attorney's fees was denied several days earlier, on March 28, 2024, Defendant GONZALEZ, through her agent, Defendant BARRETO and BILLBRROUGH, sent Plaintiff an email implying that she would not transfer the 3670 commercial property (in custody of this Federal Court) to Plaintiff's grandmother. Defendant GONZALEZ, BILLBROUGH, AND BARRETO elaborated and implied that they

---

[5] No third party moved this Federal Court to intervene in the proceedings nor discharge the lis pendens within (30) thirty days as required by the statute.

wanted to take Plaintiff's future inheritance from his grandmother away from him because of his ongoing participation in this protected Federal ADA lawsuit and his federal *lis pendens* for this protected Federal ADA lawsuit. Defendant Mercedes G. Gonzalez Artiles characterized the discriminatory conduct under the sanctimonious guise of seeking "sanctions" against Plaintiff despite the motion for appellate attorney's fees having already been denied by the Third DCA.

104.    Specifically, Defendants GONZALEZ, BARRETO, and BILLBROUGH stated:

> " *I will also be seeking sanctions against you for all of this unnecessary expense you have caused this estate and in turn your grandmother's guardianship because of your frivolous filings and unnecessary litigation. As part of the motion, I will ask that any award of fees against you in the present tense and if **in the event you are unable to pay now, we will seek to charge them against you at time of your grandmother's passing from any possible inheritance you may receive. Any award of fees would be deducted from your potential share of your grandmother's estate.*"

(emphasis added).

105.    The email is incorporated by reference. Additionally, subject to a judicial determination by this Federal Court, the email provides strong evidence suggesting ADA intimidation, coercion, and interference against Plaintiff and his incompetent grandmother within the meaning of Title V of the ADA by Defendants MERCEDEES, BILLBROUGH, BARRETO as well as CUELLO, ROSALES STOKES & GONZALEZ PA, STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, CUETO, and SAYFIE.

106.    On April 25, 2024, Defendant GONZALEZ instructed Defendant BARRETO and Defendant BILLBROUGH to file a waiver and consent form on behalf of the State of Florida's Guardian Elena Z. George, to approve of the sale of the 3670 commercial property (in custody of this Federal Court), despite the State of Florida's Guardian being represented by different Attorney/law firm, Mr. Alex Cuello of the Law Office of Alex Cuello PA, who requested the State of Florida to transfer the property at the March 26, 2024 hearing.

107.    On April 29, 2024, Defendant GONZALEZ had Defendants BILLBROUGH and BARRETO ,submit a proposed Order on Court Map purportedly authorizing the sale of the 3670 commercial property to Defendant, ADRIAN BLUE THERAPY CENTER LLC, which Defendant STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,

CUETO, AND SAYFIE, signed ***exparte***, based on the fraudulent waiver and consent form that Defendant GONZALEZ, BARRETO and BILLBROUGH, filed on behalf of Elena Z. George notwithstanding that that they are not the Guardians Counsel and notwithstanding that the Ward's Counsel Alex Cuello requested the transfer of the property to Plaintiff's incompetent grandmother on March 26, 2024. The proposed Order was signed by Defendant CUETO's "case manager" instantaneously without notice and without a hearing.

108.    On May 6, 2024, Defendant Mercedes G. Gonzalez Artiles, acting through her agents Defendant BARRETO and BILLBROUGH, filed in the state court  a motion requesting that Defendant, State of Florida via the Eleventh Judicial Circuit of Florida, hold Plaintiff in criminal contempt for recording his federal *lis pendens* on the 3670 property based on the outcome of his protected federal ADA lawsuit against State of Florida, a statutorily protected activity under the Americans with Disabilities Act. The motion also included a request to take away Plaintiff's future inheritance that he was set to receive from his grandmother.

109.    On May 6, 2024, Defendant Mercedes G. Gonzalez Artiles, along with the other defendants conspired to file an amended inventory that excluded the Bank United Account bank accounts of Elias B. Rudnikas that were provided in the original April 2022 inventory with the purpose of obstructing Plaintiff's claims in his Federal Lawsuit: *Rudnikas v. Gonzalez, et. al.*; Case # 23-CV-21201-JEM and committing exploitation against the Ward. The amended inventory also still excluded the Law Practice of Elias B. Rudnikas with no inventory or accounting for the multi-million-dollar Federal Maritime Law Practice misappropriated by SGPA. The amended inventory also excluded the $175k July 2022 deposit from SGPA into the estate restricted depository in July of 2022. Defendant, the State of Florida, Governor Ron De Santis, the Eleventh Judicial Circuit of Florida, Sayfie, and Cueto, have no intention of investigating this matter on behalf of the Ward *of the State,* denying the Ward her fundamental 14th amendment constitutional right to meaningful and equal access to the State Court Proceedings.

110.    On May 7, 2024, Defendant Mercedes G. Gonzalez Artiles, along with Defendants Billbrough, Cuello, Barreto, George, Lopez, Maria Mercedes Rudnikas, Feel Fuzz LLC, Stokes & Gonzalez PA, Adrian Blue Therapy Center LLC, entered into an illicit agreement and conspired to file a petition to ratify sale, abandonment, and donation of the Ward's property that occurred two years earlier while she was incompetent without a Guardian to advocate for her

interests, to give away what was left of the disabled incompetent Ward's property and of the Law Practice of Elias B. Rudnikas at 3670 NW 6th Street, Miami, FL 33125. The petition was also filed to <u>exonerate Defendant Mercedes G. Gonzalez Artiles</u> and any third party such as Adrian Blue Therapy Center LLC, of the financial crimes committed against the Ward on the 3670 NW 6th property in violation of numerous federal and state laws including exploitation of disabled vulnerable adult, done two years earlier, while the Ward was incompetent without a Guardian to advocate for the interests. The exoneration included the destruction of the multi-million-dollar Federal Maritime Law Practice of Elias B. Rudnikas located at <u>3670 NW 6th Street, Miami, FL 33125;</u> including the Law Office computers with all the financial information of the Ward; and any other property still left in the building in custody of the Honorable Jose E Martinez. The petition also approved the misappropriation of the Ward's assets by Maria Mercedes Rudnikas. The Petition is incorporated by reference.

111.    Defendants, STATE OF FLORIDA, ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, SAYFIE, AND CUETO, signed a proposed exparte order several days later approving of the petition without a hearing, without notice, without any due process, without any personal jurisdiction over the Ward, without any subject matter jurisdiction, and without any questions asked, acting as if they could assert authority over the Honorable Jose E Martinez as to what property or evidence was relevant to Plaintiff's claims in *Rudnikas V. Gonzalez, et. al.*; Case # 23-CV-21201-JEM, [ECF 64]. The proposed Order was prepared and submitted with input by Defendants BILLBROUGH, BARRETO, GONZALEZ, CUELLO, MARIA, ROSALES, FEEL FUZZ LLC, AND ADRIAN BLUE THERAPY CENTER.

112.    On May 14, 2024, Defendants BILLBROUGH, BARRETO , GONZALEZ, CUELLO, MARIA, FEEL FUZZ, ROSALES, STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, CUETO, AND SAYFIE, conspired to harass, retaliate, coerce, and intimidate Plaintiff, on account of Plaintiff having exercised his federally protected right of participating in Federal  ADA lawsuit against the State of Florida: *Rudnikas v. Gonzalez,. et. al.;* Case # 23-CV-21201-JEM and conspired to deter Plaintiff by force, intimidation, and threat, from further testifying, attending, and participating in his Federal ADA lawsuit protected by 42 U.S.C. 1985(2).

113.    Specifically, they sought to coerce and force Plaintiff in violation of Title V of the ADA and 42 U.S.C. 1985(2), to confirm a date to schedule the hearing on the motion for

criminal contempt (motion to incarcerate) for recording his federal lis pendens on his father's commercial property on the basis of the outcome of his federal ADA lawsuit against the State of Florida where he is aiding his incompetent grandmother, the Ward, in exercising her federal disability rights. *See Rudnikas v. Gonzalez,. et. al.*; Case # 23-CV-21201-JEM, [ECF 64]

114.    During the email exchanges on May 14, 2024, several defendants were emailing the Judicial Assistant Lisettee Bermejo of the Eleventh Judicial Circuit of Florida's assigned probate Judge, Defendant CUETO with Defendant CUETO cc'd on the email exchange. At one point, Defendant CUELLO tries to confuse Bermejo and make it seem as if he represented Planitiff.

115.    Plaintiff responded to the email chain and informed Lisette Bermejo, that he needed additional time to hire a criminal defense attorney to attend said hearing so that he could ensure that the motion would be denied. Defendant CUETO responded in discriminatory fashion and statesd:

**NEXT TIME MR. RUDNIKAS COPIES ME OR MY STAFF ON ONE OF THESE EMAILS, THE RESPONSE WLL BE SET A RULE TO SHOWCAUSE. YOU ARE NOT NOW, NOT EVER COPY ME ON ANY OF THESE COMMUNICATIONS. GOVERN YOUR SELF ACCORDINGLY**

116.    Defendant CUETO singled out and discriminated against Plaintiff on the basis of his protected activity and on the basis of his disability. Plaintiff responded and copied Defendant SAYFIE and Defendant JUNGE and informed Defendant CUETO's was not appropriate because he was just responding to the email chain from his judicial assistant like Defendant CUELLO.

117.    And contrary to Defendant CUETO's instructions, immediately after the discriminatory email threatening Plaintiff was sent by Defendant CUETO, Defendant CUETO's judicial assistant, Bermjo, kept emailing Plaintiff requesting that he coordinate a date for the hearing seeking communications from Plaintiff.

118.    Ultimately, Defendant CUETO via his judicial assistant, Defendant BARRETO, BILLBROUGH, AND GONZALEZ represented to Plaintiff that they were agreeing not to set the motion for criminal contempt for recording federal lis pendens for hearing for now and would just proceed with the motion to discharge federal lis pendens. As such, the only motion

that was noticed for hearing to be heard on May 21, 2024 by Defendants State of Florida, Sayfie, Cueto, and the Eleventh Judicial Circuit of Florida was a motion to discharge federal lis pendens.

119.    Later that same night, on May 14, 2024, Plaintiff filed his Expedited Motion to Transfer Defendant Gonzalez's Motion to Discharge Federal Lis Pendens filed with the State of Florida's tribunal to the Federal Court (where it belonged) seeking to require Defendant Gonzalez to refile her motion in the Federal Court for a proper adjudication. *See Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM* [ECF 129].

120.    On May 16, 2024, United States Magistrate Judge Eduardo Sanchez set a hearing for May 20, 2024 to address the Federal Lis Pendens and the third party subpoenas. *Id.*

121.    On the same day, May 16, 2024, Defendant JUNGE, the State of Flroida's Counsel, had a telephone conference with the various probate attorneys regarding the hearing in Federal Court regarding Plaintiff's federal lis pendens.

122.    Around the same time period in May 2024, Defendant BARRETO filed a subsequent motion for attorney's fees in the Estate of Elias B. Rudnikas, billing for the Guardianship and Federal Case, even though he is not an attorney in the Federal Case and even though he is not entitled to bill for the Guardianship case, solely to interfere with Plaintiff's ongoing protected activity of his participation in his related Federal ADA lawsuit and intimidate and coerce Plaintiff into dropping the Federal ADA lawsuit advocating and aiding his incompetent grandmother in exercising her federal disability rights.

123.    The motion also showed an entry on April 4, 2024, that MERCEDES, BARRETO, BILLBROUGH, CUELLO, GEORGE, have conspired to illicit rob Plaintiff of his future inheritance by engaging in illicit estate planning for his grandmother, Marta Santander Rudnikas. Neither of these Defendants should have any involvement with estate planning for his grandmother because Plaintiff's grandmother is alive. Yet, they conspired in retaliation against Plaintiff for his ongoing participation in his federal lawsuit: *Rudnikas v. Gonzalez; et. al.; Case # 23-CV-21201-JEM [ECF 64]*

124.    On May 17, 2024, Defendant BARRETO, BILLBROUGH, and GONZALEZ made filings in the Estate of Elias B. Rudnikas informing Defendant CUETO of the hearing set for May 20, 2024 by U.S Magistrate Eduardo Sanchez regarding the federal lis pendens based on the outcome of Plaintiff's federal ADA lawsuit.

125.    On May 20, 2024, Plaintiff attended the hearing on the federal lis pendens before United States Magistrate Judge Eduardo Sanchez, who determined that the lis pendens had already expired because of the statutory one year deadline under Florida Law. Defendant JUNGE was present at the hearing on behalf of Defendant STATE OF FLORIDA and at no point did she ever mention anything to United States Magistrate Judge Eduardo Sanchez anything about the STATE OF FLORIDA charging Plaintiff with the crime of criminal contempt for his federally protected activity of recording a federal lis pendens. Defendants BILLBROUGH, SGPA, GONZALEZ, MARIA also attended the hearing and never mentioned anything about holding Plaintiff in criminal contempt for his federally protected activity via recording of a federal lis pendens. Judge Sanchez's ruling obviated the necessity for the State of Florida to have a hearing on the Motion to Discharge Federal Lis Pendens filed by Defendant BILLBROUGH and BARRETO, on behalf of Defendant GONZALEZ. Accordingly, the hearing should have been canceled as moot by Defendants STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRUCIT OF FLORIDA, SAYFIE, CUETO, JUNGE.

126.    Instead of cancelling same as moot, on May 21, 2024, Defendants STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, SAYFIE, CUETO, JUNGE, proceeded with the moot hearing in Plaintiff's abstentia with the purpose of retaliating against Plaintiff for his federally protected activity. Specifically, retaliation by charging Plaintiff with the crime of criminal contempt for his participation in his ADA lawsuit via recording the federal lis pendens.

127.    On May 22, 2024, Plaintiff received emails from Defendant CUETO informing Plaintiff that Defendant STATE OF FLORIDA via Defendant CUETO had proceeded with the moot May 22, 2023 hearing in Plaintiff's abstentia and *sua sponte* charged Plaintiff with the crime of criminal contempt under the Florida Rules of Criminal Procedure for violating the May 22, 2023 Order issued by the State of Florida's previous judge in the Estate of Elias B. Rudnikas that stated Plaintiff could not file things without an attorney, when he recorded his federal *lis pendens* for his ADA lawsuit that was docketed in the probate case (solely for purposes of recording same with the County Official Records) in November 2023 and March 2024. Posed otherwise, Defendant STATE OF FLORIDA via Defendant CUETO informed Plaintiff that it charged him with the crime of criminal contempt for the pretextual reason of violating the May 22, 2023, Order that the previous judge was successfully disqualified by Plaintiff ( proceeding

*pro se*), for rendering on December 21, 2023, due to unconstitutional bias and prejudice against Plaintiff, voiding same under the Due Process Clause of the United States Constitution. *See Rudnikas v. Gonzalez, et. al. ,* Case # 23-CV-21201-JEM [ECF 64].

128. On May 23, 2024, Plaintiff attended his court ordered seven (7) hour deposition in *Rudnikas v. Gonzalez, et. al;* Case # 23-CV-21201-JEM, where the Defendants in attendance brough up Plaintiff's previous federal ADA lawsuit against Nova Southeastern University, mentioned in paragraph # 1, as being a basis for why Plaintiff was unfit to inherit the goodwill of his father's law practice and why he was unfit to be the Guardian of his incompetent grandmother, Marta Santander Rudnikas. Plaintiff's previous federal ADA lawsuit against Nova Southeastern University that went all the way to the United States Supreme Court is a protected activity under Title V of the ADA. Lastly, the Defendants in attendance also attempted to use the deposition to try get Plaintiff to admit that he was in criminal contempt of the State of Florida and Eleventh Judicial Circuit of Florida with the purpose of having him incarcerated in the near future. The Defendants also conspired, under the guise of the highway, to give Rudnikas.com to Maria Mercedes Rudnikas without the Honorable Jose E Martinez's permission and referenced same at the deposition even though she has contested service of process. Defendants SGPA, Gonzalez, Rosales, Billbrough, Feel Fuzz LLC, Barreto, Maria, the Eleventh Judicial Circuit of Florida, State of Florida, De Santis, Cueto, and Sayfie, do not determine who has proper legal custody of Rudnikas.com. Only the Honorable Jose E. Martinez can make that determination.

## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABLITIES ACT
### (42 U.S.C. § 12132 *et. seq*)

129. Plaintiff reavers and realleges paragraphs 1-128 as if set forth fully here in as to Defendants DeSantis, the State of Florida, the Eleventh Judicial Circuit of Florida, Sayfie, Cueto, and Cuello and further alleges the following:

## UNCONSTITUTIONAL DENIAL OF EQUAL AND MEANINGFUL ACCESS TO THE STATE COURT PROCEEDINGS

130. Defendant, State of Florida, DeSantis, the Eleventh Judicial Circuit of Florida, Sayfie, Cueto, and Cuello discriminated against the Ward and Plaintiff, on the basis of their disabilities, denying the Ward and Plaintiff meaningful and equal access, benefits, services, to the state court proceedings pending in Miami Dade County, by denying Plaintiff and the Ward

their Fourteenth Amendment Constitutional Fundamental Right of Meaningful and Equal Access to the Courts within the meaning of the U.S Supreme Court's holding in *Tennessee v. Lane.* Specifically, Defendants accomplished this unlawful discriminatory unconstitutional denial of their fundamental right of access to the Courts in the following ways:

131. *First,* Defendant State of Florida, De Santis, the Eleventh Judicial Circuit of Florida, Sayfie, and Cueto, discriminated against Plaintiff directly, on the basis of his ADHD disability and on the basis of his protected Federal ADA lawsuits, denying him his Fourteenth Amendment constitutional fundamental right of meaningful access to the Courts, by striking his *Renewed Petition for Removal of the Guardian and for Appointment as Successor Guardian,* without notice and without any due process to Plaintiff, solely for unlawful discriminatory reasons motivated by discriminatory animus related to Plaintiff's ADHD, as shown by the transcript attached to the Motion to Disqualify filed on December 15, 2023 and for his protected activity. The transcript and zoom recording shows that the State of Florida via the Eleventh Judicial Circuit of Florida, had a private conference with the opposing parties before the hearing that resulted in Plaintiff having to email the Judge's Judicial Assistant, as to whether the hearing was still moving forward. After this exparte conference with the opposing parties, the Judge then struck and/or denied Plaintiff's petition to be successor guardian and petition for visitation. The Judge made repeated references to Plaintiff's "behavior" and to discriminatory "hearsay" reports that were told to her as well as the false claims by Defendant CUELLO that Plaintiff causing a "ruckus" or "chaos" at these visits.

132. Plaintiff even offered to show the State and the Eleventh Judicial Circuit of Florida the recording of his visits but the Eleventh Judicial Circuit of Florida didn't care because the real reason it was striking and/or denying Plaintiff's petitions to become the successor guardian of the Ward and for visitation was because of its' discriminatory and retaliatory animus against Plaintiff on the basis of his ADHD disability and on the basis of his protected activity. In fact, Defendant CUELLO explicitly mentioned to the State of Florida and the Eleventh Judicial Circuit of Florida's judge, plaintiff's pending Federal ADA lawsuit against the State of Florida at the November 21, 2023 hearing. Judge Soto was the same State of Florida's and the Eleventh Judicial Circuit of Florida's Judge who administered his grandmother's property without a Guardian. The Eleventh Judicial Circuit of Florida's unconstitutional discriminatory bias and prejudice against Plaintiff is proven by the fact that Plaintiff successfully disqualified the

respective Judge for unconstitutional bias and prejudice on December 15, 2023 as a result of what transpired at the November 21, 2023 hearing as well as on December 21, 2023 for rendering the May 22, 2023 Order that purportedly did not let Plaintiff file things without an attorney. No neutral arbiter was provided for the November 21, 2023 hearing violating the Due Process Clause of the United States Constitution and denying Plaintiff his fundamental right to meaningful and equal access to the state court proceedings on the basis of unlawful discriminatory and retaliatory animus by the Defendants.

133.    Plaintiff is otherwise qualified, with or without reasonable accommodation, to be appointed the successor  Guardian of Marta Santander Rudnikas because he satisfies the legal requirements under Florida Law as noted by the November 21, 2023 renewed petition. Further, appointing Plaintiff to be the successor Guardian of Marta Santander Rudnikas at the November 21, 2023, hearing or in the future, would not have caused a fundamental alteration or undue burden to the Eleventh Judicial Circuit of Florida's state court guardianship program because Plaintiff met the legal prerequisites to be appointed a family member successor Guardian with or without reasonable accommodation and was represented by Counsel as required by Florida Law. Removing non-family member Elena Z. Goerge and appointing Plaintiff, the next of kin grandson, to be the successor Guardian was in the best interests of the Ward as shown by Plaintiff's Renewed Petition filed on November 21, 2023.

134.    Defendants discriminated against Plaintiff and the Ward, on the basis of their disabilities, via disparate treatment, denying them their fundamental constitutional right of meaningful access to the Courts, by not providing the procedural due process protections on November 21, 2023 that they provide to every other non disabled litigant party in any civil case in the Eleventh Judicial Circuit of Florida. Specifically, the Eleventh Judicial Circuit of Florida, State of Florida, and Sayfie, in every other civil case, involving non disabled litigants and parties, only entertains motions that are actually noticed for hearing because same is required under Florida  Law. Only Plaintiff and the Ward, the disabled individuals, were deprived of the 14th amendment procedural due process protections that the State and the Eleventh Judicial Circuit of Florida practice as a matter of policy of only  considering motions actually noticed for hearing. Consequently, his constitutional fundamental right of access to the Courts was denied because *Plaintiff's Renewed Petition for Removal of the Guardian and for Appointment as*

*Successor Guardian* was not even noticed for hearing and sua sponte struck by the State of Flroida and the Eleventh Judicial Circuit of Florida.

135.  State of Flroida, Eleventh Judicial Circuit of Florida, Sayfie, discriminated against Plaintiff and the Ward, on the basis of their disabilities and protected activity, denying them equal and meaningful access, benefits, services to the State Court Proceedings and denying them their fundamental constitutional right of meaningful access to the Courts by not even letting Plaintiff filed a voluntary dismissal without prejudice on November 21, 2023.

136.  State of Florida, Eleventh Judicial Circuit of Florida, Sayfie, Cueto, discriminated against Plaintiff, on the basis of his disability, via disparate treatment, denying him equal access, benefits, services, and denying his 14th amendment constitutional fundamental right of meaningful access to the state court proceedings by refusing to provide a neutral arbiter and instead permitting Defendant CUETO to preside over the cases to preside over the cases with Plaintiff notwithstanding Defendant CUETO's discriminatory animus against Plaintiff as noted by his May 14, 2024 email threat to Plaintiff.

137.  State of Florida, Eleventh Judicial Circuit of Florida, Sayfie, Cueto, DeSantis discriminated against Plaintiff, on basis of his ADHD disability and protected activity, via disparate treatment, denying Plaintiff meaningful access, benefits, and services and denying Plaintiff his constitutional fundamental right of meaningful and equal access to the Courts, by making his appeal with the in Third DCA Case No. 23-2184 and subsequent appeals, contingent upon the Ward paying for the conflicted Guardian's attorney's fees in advance without any Order of entitlement from the Third DCA. Posed otherwise, Plaintiff's appeal related to the Renewed Petition for Removal of the Guardian for breach of fiduciary duty against the Ward needs to be paid for by the Ward. If not Defendants, DeSantis, the State of Florida, Cueto, Sayfie, and Eleventh Judicial Circuit of Florida, are not willing to provide Plaintiff and the Ward with the fundamental constitutional right of access to the Courts. In their eyes, Plaintiff and the Ward must first pay for their adversary's appellate attorney's fees despite no Order of entitlement to appellate attorney's fees having ever been entered by the Third DCA. They are making Plaintiff and the Ward's constitutional right of access to the Courts contingent upon paying for their adversary's appellate attorney's fees in advance. The State, Cueto, Sayfie, and Eleventh Judicial Circuit of Florida are discriminating against Plaintiff and the Ward, on the basis of their disabilities, via disparate treatment, denying their constitutional fundamental right of meaningful

and equal access the Courts, because they do not normally award appellate attorney's fees unless there is an Order of entitlement from the appellate Court. Not even criminal defendants are forced to pay for their adversary's attorneys fees. Plaintiff has been forced to initiate two additional appeals in addition to Third DCA Case No. 23-2184 as a result of the Eleventh Judicial Circuit of Florida's discriminatory conduct that has denied Plaintiff and the Ward their constitutional right of access the Courts.

138. *Third,* Defendant's DeSantis, the State of Florida, Sayfie, Cueto, the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie, discriminated against Plaintiff, on the basis of his ADHD disability and federally protected activity, denying him his constitutional fundamental right of access to the Courts by never providing him with any hearing or adequate procedural due process prior to imposing it's discriminatory "supervised' visitation requirement on Plaintiff at the November 21, 2023 hearing. The Eleventh Judicial Circuit of Florida referenced prior visitation orders it never issued. The Eleventh Judicial Circuit of Florida provides this procedural due process protections to other non-disabled litigants prior to imposing supervising visitation. Only Plaintiff, the disabled person, was denied his constitutional procedural due process rights of access to the Courts that is due prior to the Eleventh Judicial Circuit of Florida imposing "supervised" visitation. The supervised visitation also constitutes discrimination via unjustified isolation against the Ward by the State of Florida and denies the constitutional fundamental right to meaningful access to the state court proceedings because the Ward is being denied by the Court a Guardian who will ensure she has a frequent and adequate visitation from her family.

139. *Fourth,* Defendants, DeSantis, the State of Florida, the Eleventh Judicial Circuit of Florida, Sayfie, Cueto, discriminated against Plaintiff, on the basis of his ADHD disability and on the basis of his protected activity, via disparate treatment, denying him equal access, benefits, services to the State Court proceedings, and depriving him of his fundamental constitutional 14th amendment right of access of meaningful access to the Courts by holding a hearing in Plaintiff's abstentia, on Defendant GONZALEZ's frivolous motion for Order to Show Cause Why Plaintiff should not be held in criminal contempt for recording his Federal Lis Pendens that was filed, on behalf of Defendant GONZALEZ, by Defendant BILLBROUGH and Defendant BARRETO in May of 2024, without affording Plaintiff his 14th amendment constitutional right of notice and procedural due process via adequate Notice and Meaningful Opportunity to be heard, present, and participate at this hearing.

140.    The dscimirnatory constitutional deprivation by the fact that on May 14, 2024, Defendants STATE OF FLORIDA, DESANTIS, THE ELEVENTH JUDICIAL CIRUCIT OF FLORIDA, CUETO, SAYFIE informed Plaintiff that the hearing on May 21, 2024 would only be for a motion to discharge lis pedens and not for the motion for criminal ontempt that they said they would hold in June 2024. Consequently, after United States Magistrate Judge Eduardo Sanchez, had already ruled that the lis pendens had expired on May 20 2024, the hearing set for the next day with Defendant CUETO was moot and no longer necessary. Unfortunately, Defendants used the hearing as a basis to charge Plaintiff with criminal contempt for participating in his federal ADA lawsuit.

141.    *Fifth*, Defendants, DeSantis, The State of Florida, the Eleventh Judicial Circuit of Florida, accomplished this discriminatory denial of constitutional access to the Courts against the Ward and Plaintiff, by permitting Counsel for Defendant Mercedes G. Gonzalez Artiles (the Ward's Adversary), to file and submit a waiver and consent form on behalf of the State of Florida's Court Appointed Guardian Elena Z. George and then proceeding to purportedly authorize the sale of the 3670 commercial property (in custody of this Federal Court), based on the fraudulent consent and waiver form filed by Defendant Mercedes G. Gonzalez Artiles on behalf of the Ward. This was tantamount to proceeding while the Ward was without representation. In Florida, Guardian's must be represented by attorneys. They cannot act without their legal Counsel of Record. The State of Florida's Court Appointed Guardian Elena Z. George is represented by a different attorney, Alex Cuello. Mr. Cuello requested that the State of Florida transfer the commercial property to Plaintiff's incompetent grandmother, as noted by the March 26, 2024, hearing transcript publicly available on the Florida Supreme Court docket. Mr. Cuello is the only person, at this time, who is legally authorized under the law to e- file in the e-filing portal any consent and waiver form for the State of Florida's Guardian, Elena Z. George or the Ward. Notwithstanding Mr. Cuello's transfer request, the State of Florida discriminated against the Ward and Plaintiff, on the basis of their disabilities, denying their 14th amendment constitutional right of meaningful and equal access to the State Court proceedings, by refusing to transfer the 3670 NW 6th Street, Miami, FL 331255 property to Plaintiff's grandmother at the March 26 hearing. The State of Florida was aware that Plaintiff's grandmother was incompetent and represented by Attorney Alex Cuello, who requested the transfer of the property at the March 26, 2024 hearing. Posed otherwise, he State of Florida discriminated against Plaintiff and

the Ward, on the basis of their disabilities, denying them their constitutional right of meaningful access to the Courts by proceeding exparte without any Counsel or representation for the Ward and by refusing to transfer the 3670 commercial property to Plaintiff's grandmother as the Guardian and Ward's Counsel, Alex Cuello, requested at the March 26, 2024, despite the State of Florida considering Plaintiff's grandmother to be the sole beneficiary of the estate with the purpose to taking away Plaintiff's future inheritance as noted by Mr. Barreto's March 2028 email to Plaintiff.

142. *Sixth,* Defendants DeSantis, the State of Florida, the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie, discriminated against Plaintiff via disparate treatment, on the basis of his disability, denying him his constitutional right of access to the Courts, by letting Defendants BARRETO, GONZALEZ, BILLBRROUGH, CUELLO, and GEORGE, engage in estate planning for the Ward on April 4, 2024 as shown in BARRETO'S May 2024 timesheets without any Court approval and despite the fact that Barreto, Billbrough, Gonzalez are not supposed to be having any involvement in the Guardianship proceedings, much less Estate Planning. The Defendants make a big deal about Plaintiff participating in the Estate of Elias B. Rudnikas, but in the Guardianship of Marta Santander Rudnikas, they refuse, in discriminatory fashion, to apply the same standard to Defendants Gonzalez, Billbrough, and Barreto, resulting in disparate treatment against Plaintiff as a result of the aforementioned deliberate indifference to Plaintiff's federal disability rights.

143. Defendants DeSantis, State of Florida, the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie, discriminated against Plaintiff and the Ward, denyhing equal access, benefits and services, and their fundamental constitutional right of access to the COurts by letting Defendants Billbrough and Defendant Barreto, the attorneys for the Personal Representative of the Estate of Elias B. Rudnikas, participate in the Guardianship of Marta Santander Rudnikas and then permitting them charge more attorney's fees in the Estate of Elias B. Rudnikas for the Guardianship of Marta Santander Rudnikas. They are allowing BILLBROUGH and BARRETO to charge more for the guardianship then Defendant CUELLO.

144. The government Defendants permit Defendant BILLBROUGH and Defendant BARRETO to participate in the Guardianship proceedings of Marta Santander Rudnikas and to charge attorneys, despite the fact that they should have no involvement in such proceedings because it is outside the scope of their representation as the attorneys for Personal Representative

of the Estate of Elias B. Rudnikas and because they have exploited Marta Santander Rudnikas and caused tremendous harm through multi-million dollar professional malpractice with respect to issues that include but not are limited to the Law Practice of Elias B. Rudnikas. As a result, Plaintiff is being denied, in discriminatory fashion, his constitutional right of meaningful access to the state court proceedings because every single filing or attempt he makes to advocate for his grandmother in the Guardianship, Defendants BILLBROUGH and BARRETO get involved to charge attorneys fees in the Estate of Elias B. Rudnikas against the disabled incompetent Ward's estate and Plaintiff's inheritance despite the fact that they should zero involvement.

145.    *Seventh,* Defendants DeSantis, The State of Florida, The Eleventh Judicial Circuit of Florida, Sayfie, and Cueto discriminated against Plaintiff and the Ward, on the basis of their disability, denying them their constitutional right to equal access, benefits, services to the State Court proceedings, by proceeding to authorize sale of the 3670 property without this Federal Court's permission, without any personal jurisdiction over his incompetent grandmother, without any subject matter jurisdiction over the property, and solely to take the Ward and Plaintiff's inheritance away from them to pay for Defendant Mercedes G. Gonzalez Artiles attorney's as was admitted by her attorney's March 28, 2024 email to Plaintiff sent by Luis Barreto and George Bartram Billbrough and in their subsequent May 2024 criminal contempt motion instead of just agreeing to authorize the transfer of the commercial property to Plaintiff's incompetent grandmother on March 26, 2024 as was requested by Defendant CUELLO.

146.    *Eighth,* Defendants DeSantis, the State of Florida, the Eleventh Judicial Circuit of Florida, Sayfie and Cueto, discriminated against Plaintiff, on the basis of his disability and protected activity taken no subsequent remedial measures to remedy the ongoing irreparable harm being caused by its conflicted Guardian, denying the Ward her constitutional right of meaningful access to the State Court Proceedings, notwithstanding that Plaintiff already has a pending federal lawsuit against the State of Florida under Title II of the ADA alleging unconstitutional discriminatory denial of access to the Courts, where the State of Florida's immunity is abrogated.

## DISCRIMINATION BY DEFENDANT CUELLO

147.    Ninth, Defendants CUELLO, discriminated against Plaintiff, on the basis of his disability, via disparate treatment, denying Plaintiff equal access, benefits, and services, and

constitutional right to equal and meaningful access to the Courts, by falsely representing to the State of Florida and it's entities at the November 21, 2023 hearing that he and the State of Florida's Guardian call the cops on Plaintiff at one of his visits with his grandmother, implying same was a result of Plaintiff's disability and falsely implying, in discriminatory fashion, that Plaintiff was a danger to his grandmother Defendant CUELLO has never made such a false discriminatory material misrepresentations with regards to any other non-disabled person that visits the Ward. Defendant CUELLO only made the false representation with respect to the visitations of Plaintiff, the disabled person.

148.     Defendants, CUELLO, discriminated against Plaintiff, on the basis of his disability, via disparate treatment, denying Plaintiff equal access, benefits, and services, by not letting Plaintiff see his grandmother for thanksgiving, Christmas, New Years, his birthday, nor mothers day solely because of Plaitniff's qualifying disability under the ADA. Plaintiff was forced to give the mothers days flowers to the caretaker at the door in both May 2023 and May 2024 and was not allowed to seek his grandmother because of the discriminatory conduct. Defendant CUELLO. Defendant CUELLO let every other person see the Ward on these respective holidays and without the Guardian being present.

149.     Defendant CUELLO, discriminated against Plaintiff, on the basis of his disability and in retaliation for filing his related federal ADA lawsuit against him, denying Plaintiff meaningful access, benefits, and services, by not involving Plaintiff in estate planning for his grandmother and instead letting Defendant GONZALEZ, BILLBROUGH, AND BARRETO control the estate planning of the Ward using the Ward's misappropriated assets, despite the fact that they should have no involvement with the Guardianship as noted by Barreto's timesheets.

150.     Defendant, CUELLO, discriminated against Plaintiff and the Ward, on the basis of their disabilities, by denying them meaningful and equal access, benefits, services, to the state court proceedings, by unjustifiably isolating the Ward from Plaintiff and vice versa, solely for unlawful discriminatory reasons throughout the entire guardianship.

151.     Defendant CUELLO discriminated against the Ward and Plaintiff on the basis of their disabilities, denying them equal and meaningful access, benefits, and services to the State Court proceedings, by refusing to provide the reasonable disability accommodation to the Ward of meaningful access to the state Court proceedings of showing up to the May 2023 hearing for the Ward's homestead; of objecting to BILLBROGUH'S and BARRETO'S claim for appellate

attorneys fees and for federal attorneys fees that was already denied by the Third DCA and that can only be awarded by the Federal Court under Fed. R. Civ. P. 54.

152.   Defendant, CUELLO, discriminated against Plaintiff and the Ward, by going back on his request to have the 3670 property transferred after being commanded by BILLBROUGH, BARRETO, AND GONZALEZ, to abandon his request to have the 3670 property transferred. This was solely motivated by Defendant CUELLO's discriminatory animus along with the animus of the other defendants against Plaintiff, on the basis of disability, with the end goal of robbing him of his future inheritance.

153.   Defendants CUELLO, discriminated against the Ward on the basis of her Alzheimer's disability, via disparate treatment, denying her meaningful and equal access benefits, and services by denying her constitutional fundamental right of meaningful access to the Courts, by agreeing to the Petition to Ratify Sale, Abandondemtn, and Donation of the Ward's property that occurred tow years earlier to exonerate Defendant GONZALEZ of her financial crimes.

<u>Relief Sought For All Defendants</u>

154.   Plaintiff and the Ward are suffering continuous, ongoing irreparable harm due to the discriminatory unconstitutional conduct of the Defendants.

155.   The Ward and Plaintiff are entitled to injunctive relief.

156.   The Ward and Plaintiff are entitled to damages as a result of the State of Florida's deliberate indifference to their federal disability rights as well as the deliberate indifference shown by the other Defendants.

157.   Plaintiff and the Ward are entitled to reasonable attorney's fees and costs.

## <u>VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973</u>
### <u>(29 U.S.C. § 794 *et. seq*)</u>

158.    Plaintiff reavers and realleges paragraphs 1-128 as if set forth fully herein as to Defendants, State of Florida, DeSantis ,The Eleventh Judicial Circuit of Florida, Cueto, and Sayfie and further states:

159.    Section 504 of the RA incorporates the Anti- Retaliation Provision of Title V of the ADA as well as the same remedies and procedures set forth in the Civil Rights Act of 1964, which prohibits state criminal prosecutions of federally protected activities under laws providing for equal civil rights including Section 504 and the ADA.

160.    Plaintiff engaged in the federally protected activity of filing and participating in his ADA lawsuit against the State of Florida: Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM.

161.    Plaintiff suffered the adverse action of the State of Florida charging him the crime of the criminal contempt for Plaintiff's participation in his Federally protected activity via the recording of the federal lis pendens for the 3670 commercial property based on the ADA lawsuit against the State of Florida.

162.    There is a casual relation between the protected activity and the adverse action because the State of Florida has charged Plaintiff directly with criminal contempt for his participation in his federally protected activity. Had it not been for his participation in his federally protected activity, the State would have not charged him as noted by the fact that they did not find that the December 21, 2023 successful pro se Motion to Disqualify as being a violation of the May 22, 2023 Order that the previous Judge disqualified for issuing.

163.    Plaintiff is entitled to injunctive relief

164.    Plaintiff is entitled to damages because of the State's deliberate indifference to Plaintiff's federal disability rights included being protected from retaliation/

165.    Plaintiff is entitled to reasonable attorneys fees and costs.

## VIOLATION OF TITLE V OF THE AMERICANS WITH DISABLITIES ACT
## (42 U.S.C. § 12203 *et. seq*)

166.    Plaintiff reavers and realleges paragraphs 1-128 as if set forth fully here in as to all Defendants and further alleges the following:

167.    42 U.S.C. § 12203 states:

"(a)Retaliation
No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
(b)Interference, coercion, or intimidation
It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.
(c)Remedies and procedures
The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to subchapter I, subchapter II and subchapter III, respectively."

168.    Plaintiff engaged in the ongoing federal protected activity of filing and participating in his federal ADA lawsuit: *Rudnikas V. Gonzalez, et. al. ;Case # 23-CV-21201-JEM, [ECF 64]*. Plaintiff's ongoing participation and prosecution of his ADA claim under Title II of the ADA in Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM [ECF 64] against the State of Florida  is a statutorily protected activity within the meaning of 42 U.S.C. § 12203. Plaintiff's previous ADA lawsuit against Nova Southeastern University is also a protected activity within the meaning of 42 U.S.C. § 12203.

169.    Plaintiff exercised a right protected by this chapter when he filed his related ADA lawsuit and his second amended complaint on February 7 ,2024 that included a claim under Title II of the ADA against the State of Florida to remove the State of Florida's conflicted Guardian Elena Z. George, to declare the entire state court proceedings held while Plaintiff's grandmother was incompetent without a Guardian to advocate for her interests to be void *ab initio,* to transfer the commercial property to Plaintiff as the Ward's Successor Guardian or alternate beneficiary,

and to establish a federal maritime law receivership at the 3670 commercial property for the Law Practice of Elias B. Rudnikas that the Ward and Plaintiff had equitable title to that was misappropriated by Defendant Stokes & Gonzalez PA. Plaintiff's ongoing participation in said ADA lawsuit is a federally protected activity. Plaintiff's participation in his federally protected activity includes the recording of federal lis pendens on his father's 3670 commercial property that is the subject of the federal litigation. The federal lis pendens were docketed in the probate case in November 2023 and March 2024 solely for purposes of recording same with the Miami Dade County Clerk of Court Official Records.

170.    Plaintiff suffered the adverse action of being charged by Defendant, State of Florida with the crime of criminal contempt on May 21, 2024. The charge was made sua sponte without any notice or due process, in Plaintiff's absentia, denying him his constitutional right of access to the Courts. The hearing should have been canceled because U.S Magistrate Judge Eduardo Sanchez ruled the day before on May 20, 2024 that the federal lis pendens had expired and the State's May 21, 2024 hearing was only noticed on a motion to discharge the lis pendens. Unfortunately, Defendants, STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, SAYFIE, and CUETO proceeded with the moot hearing in Plaintiff's abstentia notwithstanding that the federal lis pendens had been determined by the Federal Court the day before to have expired, solely to *sua sponte* charge Plaintiff with the crime of criminal contempt for his federally protected activity.

171.    There is a direct, but for causation, casual relation between his federal protected activity of filing and participating in his Federal ADA lawsuit against the State of Florida Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM, [ECF 64] via the recording of his federal lis pendens and the criminal contempt charges brought against Plaintiff on May 21, 2024 by the State of Florida because the State issued the criminal contempt charge solely  because of the federally protected activity of recording the Federal Lis Pendens on the commercial property based on the outcome of the Federal ADA lawsuit against the State of Florida (that was docketed in the State of Florida's probate case in November 2023 and March 2024 solely for purposes of recording same into the Miami Dade County Official Records.) Had it not been for Plaintiff's recording of the federal lis

pendens for the federally protected ADA lawsuit against the State of Florida, Plaintiff would not have suffered the adverse action of criminal contempt. This is proven by the fact that the Defendants are not seeking him to hold him in criminal contempt for the actual filing he made without an attorney that pertained to the case with the probate case caption, the *Motion to Disqualify the Judge on December 21, 2023* that was granted the same day for rendering the May 22, 2023 Order that purportedly did not let him filed things without an attorney.

172.    Defendants STATE OF FLORIDA, THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, CUETO, SAYFIE, JUNGE, retaliated against Plaintiff solely because he engaged in the protected activity of participating in his federal ADA lawsuit against the State of Florida in Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM via the recording of federal lis pendens for the case, by taking the adverse action of charging him with the crime of criminal contempt under the pretextual ruse of violating a May 22, 2023 Court Order rendered by the previous judge that purportedly did not let him file documents without an attorney. The reason is false because had Defendants true motive to hold Plaintiff in criminal contempt been for filing things without an attorney, they would have held him in criminal contempt for filing the successful motion to disqualify filed on December 21, 2023 related to the previous Judge's bias and prejudice in rendering the May 22, 2023 Order.. The motion to disqualify was actually a document that pertained to the probate case unlike the federal lis pendens and was filed in violation of the May 22, 2023 Order, but Defendants are not seeking to hold Plaintiff in criminal contempt for that Order, only for the Federal Lis Pendens based on his protected ADA lawsuit.

ADA INTERFERENCE BY CUETO

173.    Defendant CUETO unlawfully interfered with Plaintiff's federal ADA lawsuit against the State of Florida: *Rudnikas v. Gonzalez, et. al.* engaging in the administrative function of allowing his case manager to sign his name on the exparte proposed May 2024 Order regarding donation and abandonment of the Ward's property that was submitted by Defendants BILLBROUGH, BARRETO, CUELLO, and GONZALEZ. The exparte proposed Order was essentially exonerating Defendant GONZALEZ and Defendant MARIA of their discrimination and criminal exploitation of the disabled incompetent Ward approving of the donation and abandonment of the Ward's property that occurred two-three years earlier, while the Ward was

incompetent without a Guardian to advocate for her interests, as result of the State of Florida's deliberate indifference to the Ward's federal disability rights, claims of which are pending adjudication before the Honorable Jose E Martinez of the Southern District of Florida. *See Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM, [ECF 64].*

ADA INTERFERENCE

174. Defendant(s), State of Florida; The Eleventh Judicial Circuit of Florida; Mercedes G. Gonzalez Artiles; Adrian Blue Therapy Center LLC, Sayfie, Cueto, unlawfully interfered with Plaintiff's ongoing exercise of participating in and prosecuting his federal ADA lawsuit filed on March 27, 2023, on behalf of his grandmother and himself, in violation of this chapter, by attempting to deprive this Federal Court of it's subject matter jurisdiction with respect to the claims for injunctive relief in the second amended complaint as they relate to the 3670 commercial property and attempting to moot one of the main benefits behind Plaintiff's request for an injunction to force the State of Florida to remove Elena Z. George as the Guardian by depriving the Ward of all of her assets before this Court can make a determination on Plaintiff's claim against the State of Florida requesting an injunction against State of Florida to remove Elena Z. George as the Guardian of Plaintiff's incompetent grandmother.

RETALIATION

175. Defendant(s), De Santis; State of Florida; the Eleventh Judicial Circuit of Florida; Mercedes G. Gonzalez Artiles; Adrian Blue Therapy Center LLC, Cuello, Barreto, Billbrough, and George, retaliated against Plaintiff because of his ongoing protected activity under the ADA of filing, participating in, and prosecuting his ADA lawsuit in Rudnikas V. Gonzalez, et. al; Case # 23-V-21201-JEM by conspiring to illicitly sell the 3670 commercial property in custody of this Federal Court (given that the Law Practice is not part of the estate inventory) instead of simply transferring same to Plaintiff's incompetent grandmother as requested by Defendant CUELLO on March 26, 2024. The retaliatory discriminatory motive and casual relation is established by Defendant Mercedes G. Gonzalez Artiles's March 28, 2024 inappropriate email, via her agents BILLBROUGH and BARRETO, to Plaintiff threatening to take away Plaintiff's future inheritance from his incompetent grandmother and explicitly mentioning this litigation and his federal *lis pendens* in the email as well as indirectly or directly mentioning Plaintiff and his federal lawsuit in the Petitions to authorize the listing and sale of the property. The casual direct relation is also shown by the Motion for criminal contempt and motion to take away Plaintiff's

future inheritance filed by Defendants, MERCEDES, BILLBROUGH, and BARRETO, that seeks Plaintiff's future inheritance to satisfy the purported attorney's fees incurred by BILLBROUGH and Barreto even though they have committed professional malpractice.

176.    Plaintiff is entitled to injunctive relief.

177.    Plaintiff is entitled to reasonable attorneys fees and costs.

INTIMIDATION AND COERCION

178.    Defendant(s), State of Florida, the Eleventh Judicial Circuit of Florida, Mercedes G. Gonzalez Artiles; Adrian Blue Therapy intimidated Plaintiff and coerced Plaintiff, on account of Plaintiff's exercise of participating in and prosecuting this protected Federal ADA lawsuit on behalf of his incompetent grandmother and himself, in violation of this chapter, by threatening to take away Plaintiff's future inheritance from his grandmother away from him by selling the commercial property instead of transferring same to the guardianship as was requested by the Guardian's attorney on March 26, 2024. The unlawful intent is explicitly mentioned in detail and implied by Defendant Mercedes G. Gonzalez Artiles's March 28, 2024 email to Plaintiff. To complete the coercion for Plaintiff to stop pursuing his federal ADA lawsuit filed March 27, 2023, the Defendants then filed a motion to hold Plaintiff in criminal contempt for recording his federal lis pendens and to take away his future inheritance from his grandmother. The discriminatory animus, on account of Plaintiff's protected activity, is explicitly shown int the motion in state court and subsequent federal court deposition on May 23, 2023.

179.    Defendants ROSALES, GONZALEZ, MARIA intimidated Plaintiff from further participating in the state court guardianship proceedings, on account of Plaintiff having participated in his previous Federal ADA lawsuit against Nova ( a protected activity), by charging attorney's fees against the Ward that were incurred as a result of ROSALES, GONZALEZ, MARIA'S discriminatory animus against Plaintiff, harbored as a result of Plaintiff's participation in his Federal ADA lawsuit against Nova Southeastern University as proven by Defendant MARIA's text messages to Plaintiff and as a result of the discriminatory animus the Defendants have toward Plaintiff because of his ADHD as proven by the letter and discriminatory stipulation. The intimidation was in the act of charging attorneys fees against his grandmother for time expended in discriminating against Plaintiff for his ADHD and for participation in his protected activity two years more than a year earlier in the state court The subsequent motion for discriminatory attorney's fees by The Law Office of Fausto Rosales, P.A.

against Plaintiff and the Ward filed in the guardianship proceedings in September of 2023, constituted unlawful intimidation and interference in violation of this section.

180. Defendant BILLBROUGH unlawfully interfered with Plaintiff's federal ADA lawsuit in violation of this section by filing an appearance on behalf of the Guardian notwithstanding the conflict of interest involved. Plaintiff suffered the adverse action of being forced to drop Elena Z. George as a party. Defendant BILLBROUGH's conduct was done intentionally, on account of Plaintiff having exercised the protected activity of filing his federal ADA lawsuit: Rudnikas v. Gonzalez, et. al.

RETALIATION AND INTIMIDATION BY SGPA

181. Defendant(s), Stokes & Gonzalez, P.A., retaliated and intimidated Plaintiff from participating in his Federal ADA lawsuit against the State of Florida that includes claims against them under other laws by trying to weaponize Plaintiff's previous ADA lawsuit against Nova Southeastern University against Plaintiff at his May 23, 2023, deposition, as explained earlier.

182. Plaintiff's previous ADA lawsuit against Nova is a protected activity. The adverse action was the weaponization of same at his May 23, 2023, deposition. And the casual relation is proven by the fact that SGPA stated in the deposition that Plaintiff's previous ADA lawsuit was in their minds, relevant to the current federal lawsuit and whether Plaintiff had the fitness to inherit the goodwill of his father's law practice and/or to become the Guardian of his grandmother.

RELIEF SOUGHT

183. Plaintiff and the Ward are suffering irreparable harm that is continuous, imminent, immediate, and ongoing as result of these discriminatory, retalitory, unlawful actions.

184. The Ward and Plaintiff are entitled to injunctive relief.

185. The Ward and Plaintiff are entitled to reasonable attorney's fees and costs.

## VIOLATION OF CIVIL RIGHTS CONSPIRACY ACT OF 1871
### (42 U.S.C. § 1985(2) et. seq)

186. Plaintiff revers and realleges paragraphs 1-128 as if fully set forth herein as to Defendants GONZALEZ, BARRETO, BILLBROUGH, CUELLO, GEORGE, ROSALES, MARIA, SGPA, FEEL FUZZ LLC, and further alleges the following:

## OBSTRUCTION OF JUSTICE, INITMIDATION, AND INTEFERENCE WITH PLAINTIFF'S FEDERAL LAWSUIT AS TO COMMERCIAL PROPERTY

187.   Defendants GONZALEZ and ADRIAN BLUE THERAPY CENTER LLC, conspired and enter into an illicit agreement to retaliate against Plaintiff because he is the Plaintiff in Rudnikas V. Gonzalez; Case # 23-CV-21201-JEM and conspired to interfere, intimidate, and coerce him from further testifying and attend said proceeding by attempting to consummate the purported sale of the 3670 NW 6th property in custody of the Federal Court without the Honorable Jose E Martinez's approval. The purported sale is an attempt to moot Plaintiff's claims for injunctive relief as to the property and destroyed evidence related to the Law Practice of Elias B. Rudnikas located at 3670 NW 6th Street, Miami, FL 33125. In exchange for aiding Defendant GONZALEZ in attempting to moot Plaintiff's claims for injunctive relief as to the commercial property, Adrian Blue Therapy Center would receive illicit title to the commercial property via an illicit deed not approved by the Honorable Jose E Martinez of the Southern District of Florida.

188.   Plaintiff is entitled to injunctive relief including a restoration of the status quo in the event that sale is consummated, under this Federal Court's inherent power.

## OBSTRUCTION OF JUSTICE IN FEDERAL PROCEEDING WITH AMENDED INVENTORY AND RUDNIKAS.COM

189.   Defendants GONZALEZ, BARRETO, BILLBROUGH, CUELLO, GEORGE, ROSALES, MARIA, SGPA, FEEL FUZZ LLCC conspired to deter Plaintiff by force, intimidation, and threat from further attending or testifying in his federal lawsuit, in violation of this section by entering into an illicit agreement to amend the estate inventory at the eleventh hour that removed several bank accounts with the sole purpose of obstructing justice in his federal lawsuit based on the original inventory. The Defendants' conspired with the purpose of retaliating against Plaintiff for being the federal Plaintiff and to intimidate, coerce, and interfere with Plaintiff's attendance and participation in the federal lawsuit moving forward. The law firm Defendants were not acting within the scope of their presentation because the Law Practice of Elias B. Rudnikas is not part of the estate inventory and because the Honorable Jose E Martinez has never authorized the transfer of the domain Rudnikas.com by SGPA or GONZALEZ to MARIA or FEEL FUZZ LCC, which was done only recently in April 2023, as shown by the WhoIs Domain Registration history. Defendant Rosales only filed a limited appearance, yet he conspired to aid Defendant MARIA and the other Defendants in putting thye domain

Rudnikas.com outside the jurisdiction of the Federal Court by transferring it to a Defendant that has not accepted service while simultaneously representing the same Defendant in the state court proceedings.

190. Plaintiff is entitled to injunctive relief and damages.

## OBSTRUCTION OF JUSTICE OF FEDERAL LAWSUIT BY SGPA AND GONZALEZ

191. Defendant, SGPA and GONZALEZ, conspired in violation of this section to interference and hinder the due court of justice in Plaintiff's current federal lawsuit by entering into an illicit agreement whereby SGPA would apply to the Florida Bar to be the inventory attorney in January 2023, notwithstanding SGPA's conflict of interest. The conspiracy was entered into to retaliate against Plaintiff and to interfere with federal lawsuit, that SGPA and GONZALEZ, were aware was imminent at the time. SGPA was able to get access to his father's accounts relating back all the way to 2016 and was given de facto authority to destroy evidence that Plaintiff needed for his current federal lawsuit in Rudnikas v. Gonzalez. al. Case # 23-CV-21201-JEM.

192. Plaintiff is entitled to injunctive relief and damages.

## OBSTRUCTION OF JUSTICE IN STATE COURT PROCEEDING

193. Defendants, GONZALEZ, BARRETO, BHILLBROUGH, CUELLO, AND GEORGE conspired in violation of this section by entering into an illicit agreement on April 4, 2024 to engage and conduct estate planning for Marta Santander Rudnikas, under the guise of the highway, with the sole purpose of taking away Plaintiff's future inheritance from his grandmother as retaliation for testifying and attending his current Federal Lawsuit: Rudnikas v. Gonzalez; et. al. Case # 23-CV-21201-JEM.

194. Defendants BILLBROUGH AND BARRETO were not acting in the scope their representation as attorneys for the Personal Representative of the Estate of Elias B. Rudnikas and should have no involvement with any guardianship matters, much less estate planning for the Ward.

195. Defendants, CUELLO and GEORGE, were acting outside the scope of their representation because any estate planning for the Ward needs to be done through the

Guardianship Court after the statutory notice is given to the next of kin as prescribed by the Florida Legislature.

196.   Plaintiff is entitled to injunctive relief and damages.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

197.   Plaintiff reavers and realleges paragraphs 1-128 as if fully set forth herein as to Defendants GONZALEZ, CUELLO, BARRETO, BILLBROUGH, MARIA, ROSALES, GEORGE, SAYFIE, CUETO, AND JUNGE, and further states:

198.   The above Defendants intentionally and recklessly pursued a course of conduct to hold Plaintiff in criminal contempt with the end of goal of having him incarcerated.

199.   Defendants' intentional misconduct in attempting to have a probate Judge incarcerate him is outrageous.

200.   The intentional outrageous conduct has caused Plaintiff emotional distress.

201.   Plaintiff's emotional distress as a result of the intentional outrageous conduct by Defendant's in attempting to have him incarcerated is severe.

202.   Plaintiff entitled to compensatory damages as well as punitive damages as a result of Defendants' intentional misconduct.

203.   Plaintiff seeks the maximum statutory amount of punitive damages authorized by the Florida Statutes of $2 million

## TORTIOUS INTERFERANCE WITH AN INHERITANCE

204.   Plaintiff reavers and realleges paragraphs 1-128 as to Defendants GONZALEZ, BARRETO, BILLBROUGH, CUELLO, GEORGE and further states the following:

205.   Plaintiff had an expectancy to receive his future inheritance from his grandmother, Marta Santander Rudnikas.

206.   Upon information and belief, the aforementioned Defendants have illicitly attempted to tortious interfere with this future expectancy of an inheritance by engaging in estate planning for Marta Santander Rudnikas on April 4, 2024 as shown by Luis Barreto's timesheets, with the purpose of taking away Plaintiff's future inheritance as they had threatened to do several days earlier on March 28, 2024 via the email sent by Defendants to Plaintiff.

207.   As a proximate cause of this tortious conduct caused by the Defendants', Plaintiff has suffered damages to his expectancy of an inheritance from his grandmother.

208.   Plaintiff is entitled to compensatory damages.

## PROFESSIONAL MALPRACTICE

209.    Plaintiff reavers and realleges paragraphs 1-128 as if set forth fully herein as to Defendants, BARRETO, BILLBROUGH, CUELLO, AND SGPA and further alleges the following:

210.    Defendants BARRETO and BILLBROUGH represented Mercedes G. Gonzalez Artiles in her capacity as the Personal Representative of the Estate of Elias B. Rudnikas.

211.    Defendants BARRETO and BILLBROUGH took on this legal representation with full knowledge that Marta Santander Rudnikas, was the intended third party beneficiary of their legal services.

212.    At all time material hereto, DEFENDANTS BARRETO and BILLBROUGH held themselves out as competent in the areas of law for which they were retained to provide representation.

213.    Defendants, BARRETO and BILLBROUGH, were required to exercise the same legal skill as a reasonably competent attorney/law firm and to use reasonable care in determining and implementing a strategy to be followed to achieve the goals that were in the best interest of the intended third party beneficiary of their services: Marta Santander Rudnikas.

214.    In the course of handling legal matters for the Estate of Elias B. Rudnikas, Defendants BILLBROUGH and BARRETO, failed to act with the degree of competence generally possessed  by attorneys in the State of Florida who handle similar matters despite having been paid a substantial amount of money for their representation.

215.    Defendants BILLBROUGH and BARRETO committed professional malpractice in the following ways:

- By failing to do any accounting or inventory for the multi-million-dollar federal maritime law practice of Elias B. Rudnikas;

- By failing to pursue any federal litigation, on the estate's behalf, against Stokes & Gonzalez PA to recover the multimillion-dollar goodwill value of the Law Practice of Elias B. Rudnikas. Any other reasonable prudent attorneys/law firms in their position would have pursued federal litigation against Stokes & Gonzalez P.A. for the misappropriation of the Law Practice of Elias B. Rudnikas

- By failing to manage and collect rents on the 3670 NW 6th Street, Miami, FL 33125 commercial property in two years and letting the property depreciate in value.

- By failing to advise the Personal Representative of the Estate of Elias B. Rudnikas to collect rents for the 3670 commercial property.
- By charging and taking from the estate excessive attorney's fees despite not being authorized.
- By charging the Estate Attorneys fees for work related to the Guardianship despite not being the Guardianship attorney such as Plaintiff's visits with his grandmother.
- By not defending the Estate from the claim made by Maria Mercedes Rudnikas
- By advising the Personal Representative to sign and file the Petition to ratify sale, abandonement, and donation of the Ward's property, including but not limited to items, such as a a $2000 printer.
- By failing an amended inventory that removed several bank accounts and that did not contain an inventory for the Law Practice of Elias B. Rudnikas.
- By failing a motion for criminal contempt in the Estate of Elias B. Rudnikas.
- By waiting a whole year to file the Petition to ratify sale and donation of property with the sole purpose of charging excessive fees.
- By not returning Luis Lester Rodriguez his escrow deposit..
- By not paying the taxes on the 3670 commercial property despite requesting the issuance of a cashiers check and despite charging thousands of dollars in fees to file the petition.
- By agreeing to represent Elena Z. George in *Rudnikas v. Gonzalez, et. al.,* notwithstanding that Defendant BILLBROUGH had an impermissible conflict of interest given that that the already represented the Personal Representative of the Estate of Elias B. Rudnikas.

216. DEFENDANT CUELLO, represented Elena Z. George in her capacity as the State of Florida's Plenary Court Appointed Guardian of Marta Santander Rudnikas.

217. Defendants CUELLO took on this legal representation with full knowledge that Marta Santander Rudnikas, the Ward, was the primary beneficiary of its firm's legal services.

218. At all times material hereto, DEFENDANT CUELLO held itself out as competent in the areas of law for which they were retained to provide representation.

219. Defendant CUELLO, was required to exercise the same legal skill as a reasonably prudent competent attorney/law firm in its position and to use reasonable care in determining and

implementing a strategy to be followed to achieve the goals that were in the best interest of the primary beneficiary of its services: the Ward, Marta Santander Rudnikas.

220.    In the course of handling legal matters for the Guardianship of Marta Santander Rudnikas, Defendants CUELLO failed to act with the degree of competence generally possessed by attorneys/law firms in the State of Florida who handle similar matters despite having been paid a substantial amount of money for it's representation.

221.    Defendant CUELLO committed professional malpractice in the following ways:

-    By allowing the Guardian to hire the same federal counsel who was representing the Personal Representative in the Estate of Elias B. Rudnikas

-    By failing to investigate the maladministration of the Estate of Elias B. Rudnikas and misappropriation of assets, and instead, abandoning his professional obligations in October of 2022 by proceeding to tell Plaintiff " *Feel free to file whatever objections you deem are necessary to Barreto's actions- Alex C.*

-    By failing to advise the Guardian of the importance of conducting a genuine accounting expected for court appointed fiduciaries.

-    By failing to advise the Guardian to pursue legal action against the Personal Representative of the Estate of Elias B. Rudnikas and it's attorneys for the misappropriation of assets and breach of fiduciary duty to the Ward including the Keogh retirement account, the Clara Solis Trust (funded by misappropriated assets), the Bank United accounts removed from the inventory, etc.

-    By letting DEFENDANTS BARRETO and BILLBROUGH charge more attorneys fees for the GUARDIANSHIP than DEFENDANT CUELLO.

-    By allowing DEFENDANTS BARRETO and BILLBROUGH participate in the guardianship to the point of allowing to engage in estate planning despite not being interested persons in the Guardianship.

-    By failing to pursue a legal malpractice action against Gina Nguyen PA, SGPA, BILLBROUGH, and BARRETO for the maladministration of the Estate of Elias B. Rudnikas and misappropriation of the multimillion dollar federal maritime Law Practice of Elias B. Rudnikas.

- By allowing the Personal Representative to donate and abandon the Ward's property and agreeing to same in violation of his duty as an attorney to the disabled vulnerable adult and warrants federal disbarment by the Honorable Jose E Martienz.
- By agreeing to the sale of the 3670 commercial property when DEFENDANT CUELLO requested the transfer of same at the March 26, 2024 hearing.
- By not showing to the Ward's May 15, 2023 hearing, failing to participate in the appeal in the Third DCA, and subsequent appeal in the Florida Supreme Court.
- By allowing DEFENDANT BILLBROUGH to represent DEFENDANT GEORGE in the federal proceedings notwithstanding DEFENDANT BILLBROUGH'S conflict of interest against the Ward.
- By isolating the Ward throughout the entire guardianship from her grandson.
- By not providing a primary doctor for the Ward during the course of the Guardianship.
- By allowing Aislyn Thomas McDonald to charge appellate attorneys fees against the Ward without any Order of entitlement from the Third DCA.
- By failing to pursue legal action recover the Keogh retirement account the Ward had equitable title to from the Personal Representative of the Estate of Elias B. Rudnikas.
- By allowing the Personal Representative of the Estate of Elias B. Rudnikas to file an amended inventory that removed bank accounts, with the purpose of covering up her misappropriation and exploitation of the Ward.
- By failing to manage or collect rents on the 319 Bird Road property or 3670 commercial property for the benefit of the Guardianship.
- By paying taxes on the homestead property without the homestead exemption.
- By paying duplicate taxes for the year 2024.
- By failing to show up to the December 6, 2023 hearing to defend the claim against the Ward by Maria Mercedes Rudnikas.
- By allowing DEFENDANTS GONZALEZ, BILLBROUGH, AND BARRETO to participate in Guardianship and charge fees against the Guardianship.
- By allowing Defendant SGPA to petition the Circuit Court and Florida Bar to be the inventory attorney for the Law Practice of Elias B. Rudnikas notwithstanding SGPA's

conflict of interest and notwithstanding that it was done approximately one year after Elias B. Rudnikas had died.

222.    DEFENDANT SGPA, represented the Law Practice of Elias B. Rudnikas as inventory lawyer for a brief period of time in anticipation of litigation with Plaintiff starting in late January 2023 and ending in July 2023.

223.    Nonetheless, Defendants SGPA took on this legal representation with full knowledge that Marta Santander Rudnikas, the Ward, was the primary beneficiary of its firm's legal services.

224.    At all times material hereto, DEFENDANT SGPA held itself out as competent in the areas of law for which they were retained to provide representation.

225.    Defendant SGPA, was required to exercise the same legal skill as a reasonably prudent competent attorney/law firm in its position and to use reasonable care in acting as a Flroida Bar inventory lawyer for the Law Practice of Elais B. Rudnikas that was in the best interest of the primary beneficiary of its services: the Ward, Marta Santander Rudnikas and Plaintiff.

226.    In the course of handling legal matters for the Law Practice of Elias B. Rudnikas, Defendants SGPA failed to act with the degree of competence generally possessed  by attorneys/law firms in the State of Florida who handle similar matters.

227.    SGPA committed professional malpractice  in the following ways:

-By accepting to serve as the inventory lawyer of the Law Practice of Elias B. Rudnikas t notwithstanding it's impermissible conflict of interest because it had already misappropriated all of the assets of the Law Practice of Elais B. Rudnikas at the time it applied to be inventory and did not disclose to Defendant SAYFIE nor the STATE OF FLORIDA.

As a direct and proximate result of BARRETO, BILLBROUGH, CUELLO, AND SGPA'S professional malpractice, the Ward and Plaintiff have sustained damages.

228.    Plaintiff and the Ward are entitled to compensatory damages.

## VIOLATION OF FLORIDA ADULT PROTECTIVE SERVICES ACT
## (FLA. STAT. 415.1111 *et. seq.*)

229.     Plaintiff reavers and realleges paragraphs 1-128 as if set forth fully herein as to Defendants, CUETO, BARRETO, BILLBROUGH, GONZALEZ, MARIA, FEEL FUZZ LCC, CUELLO, ROSALES, ADRIAN BLUE THERAPY CENTER LLC, SGPA and further alleges the following:

230.     Under Fed. R Civ. P. 18, Plaintiff has standing to bring these claims because of his request for an injunction seeking to become the successor Guardian of the Ward.

231.     The Adult Protective Services Act defines "Exploitation" means as a person who:

"Stands in a position of trust and confidence with a vulnerable adult and knowingly, by deception or intimidation, obtains or uses, or endeavors to obtain or use, a vulnerable adult's funds, assets, or property with the intent to temporarily or permanently deprive a vulnerable adult of the use, benefit, or possession of the funds, assets, or property for the benefit of someone other than the vulnerable adult; or  Knows or should know that the vulnerable adult lacks the capacity to consent, and obtains or uses, or endeavors to obtain or use, the vulnerable adult's funds, assets, or property with the intent to temporarily or permanently deprive the vulnerable adult of the use, benefit, or possession of the funds, assets, or property for the benefit of someone other than the vulnerable adult."(b) "Exploitation" may include, but is not limited to: Breaches of fiduciary relationships, such as the misuse of a power of attorney or the abuse of guardianship duties, resulting in the unauthorized appropriation, sale, or transfer of property; Unauthorized taking of personal assets; Misappropriation, misuse, or transfer of moneys belonging to a vulnerable adult from a personal or joint account; or Intentional or negligent failure to effectively use a vulnerable adult's income and assets for the necessities required for that person's support and maintenance."

232.     Defendants stood in a position of confidence and trust with the disabled incompetent vulnerable adult Ward and knowingly endeavored to obtain or use the Ward's assets with the intent of permanently deprive the Ward of the use, benefit, or possession of the 3670 NW 6th Street commercial property for the benefit of someone other than the vulnerable adult. Specifically to benefit themselves and obtain unwarranted "compensation" and obtain actionable predatory attorney's fees.

233.     Defendants engaged in the criminal exploitation of Marta Santander Rudnikas, a disabled incompetent vulnerable elderly adult, within the meaning of Florida Statute 825.103, by engaging in the unauthorized taking of her liquid and non lisquid assets; 2) misappropriating and transferring monies belonging to the Ward to their personal bank accounts as noted by the amended inventory; 3) breaching their fiduciary duty to the

Ward resulting in the unauthorized appropriation, sale, or transfer of property via the illicit 3670 Order void Order by Defendant CUETO purportedly authorizing the sale a property already in the custody of a Federal Court in the Southern District of Florida. The Defendants criminal expoliattion within the meaning of this section is made clear by their breach their fiduciary duty against the Ward by filing and seeking purported court approval from Defendant CUETO of the May 2024 petition to ratify sale, donation, and abandonment of the Ward's property filed in the Estate of Elias B. Rudnikas while his incompetent grandmother is still alive for events that occurred two years earlier while the Ward was incompetent without a guardian to advocate for her interests. Defendants in essence tried to exonerate themselves from criminal and civil liability under this section.

234.    Defendant, CUETO, acted in the absence of all jurisdiction, by engaging in the administrative task of having his "case manager" sign his name on the exparte proposed order submitted on Court Map by the aforementioned Defendants purportedly granting the May 2024 motion to ratify the sale, donation, abandonment, of the Ward's property in the Estate of Elias B. Rudnikas, done two years earlier while she was incompetent without a Guardian to advocate for her interests, and while his grandmother is still alive and purportedly exonerating MERCEDES and MARIA of their financial crimes against the Ward being asserted in Rudnikas v. Gonzalez, et al. A lot of the property was personal property that was already the Ward's with a value of over $35,000 as stated by Defendant CUELLO'S unsuccessful petitions for full distributions. . It did not belong to Defendant GONZALEZ, BILLBROUGH, BARRETO, MARIA, ROSALES, FEEL FUZZ LLC, SGPA, ADRIAN BLUE THERAPY CENTER LLC.

235.    This administrative task was not judicial in nature, was done without subject matter jurisdiction, and without personal jurisdiction over Marta Santander Rudnikas as noted by Plaintiff' consent/waiver form (attached).

236.    Defendant, GONZALEZ, BARRETO, BILLBROUGH, MARIA, FEEL FUZZ LLC, ROSALES exploited the Ward Marta Santander Rudnikas, a disabled incompetent vulnerable adult, within the meaning of this section, by conspiring together to engage in the unauthorized misappropriation of the Ward's assets to permanently deprive Marta Santander Rudnikas of her respective assets by misappropriating her Bank United Accounts that were originally listed in the April 2022 inventory of the Estate of Elias B.

Rudnikas, the $175k July deposit from SGPA and, Keogh Retirement account listed in the IRS petition to pay IRS taxes in the Estate of Elias B. Rudnikas, and removing same from the guardianship and estate inventory as assets. The Florida Legislature never intended an amended inventory to be used in manner that resulted in the removal of bank accounts and misappropriation of assets. The amended inventory rule is intended by the Legislature to add assets in the event they were not disclosed before.

237.  Plaintiff is entitled to punitive damages for Defendant's intentional misconduct.

238.  Plaintiff seeks punitive damages of $2 million as to each Defendant for their intentional misconduct via criminal exploitation of the Ward.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter:

1) A preliminary, permanent injunction against Defendant DeSantis, State of Florida, Eleventh Judicial Circuit of Florida, Cueto, and Sayfie enjoining them from pursuing any criminal contempt proceedings in retaliation for Plaintiff's federally protected activity of participating in his Federal ADA lawsuit (via recording a lis pendens).

2) A permanent injunction restoring the status quo in the event that they try to proceed with any criminal contempt proceedings because of Plaintiff's Federally Protected Activity.

3) An injunction against Defendants De Santis, State of Florida, its arm the Eleventh Judicial Circuit of Florida, Cueto, Sayfie, Mercedes G. Gonzalez Artiles, and Adrian Blue Therapy Center LLC, restoring the status quo with respect to title for 3670 NW 6th Street, Miami, FL 33125.

4) An injunction against Defendants State of Florida, its arm the Eleventh Judicial Circuit of Florida, Cueto, and Sayfie to transfer title to the 3670 NW 6th Street, Miami, FL 33125 property and the purported remains of the Estate of Elias B. Rudnikas, to the Ward as requested by the Attorney for the State of Florida's Guardian, Defendant Cuello, at the March 26, 2024 hearing.

5) An injunction against the State and its arm, the Eleventh Judicial Circuit of Florida, requiring them to provide Plaintiff and the Ward their constitutional right of meaningful access to the State Court Proceedings, by appointing Plaintiff the successor Guardian of Marta Santander Rudnikas.

6) An injunction providing Plaintiff and the Ward an alternative remedy to the relief requested in the previous paragraph should the unfortunate event of the Ward's death occur subsequent to the filing of this lawsuit by requiring the State of Florida and the Eleventh Judicial Circuit of Florida, in their capacity as the Supreme Guardian, to create and appoint Plaintiff as the trustee of a constructive trust for the Ward pursuant to the U.S Supreme Court's holding in *Great-West Life Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) or alternatively, an injunction requiring the government defendants to name Plaintiff the Personal Representative of the Ward's estate.

7) An injunction restraining the Eleventh Judicial Circuit of Florida from further intimidating Plaintiff with the threat of baseless criminal contempt proceedings to incarcerate Plaintiff for his federally protected activity.

8) An injunction restraining these Defendant(s) from further interfering with Plaintiff's federal lawsuit and protected activity by requiring these Defendant(s) to transfer title to the property of the 3670 commercial property to Plaintiff's incompetent grandmother as was requested by his incompetent grandmother's attorney, Alex Cuello at the March 26, 2024 hearing.

9) An injunction requiring State of Florida, the Supreme Guardian, to rent out the property to provide income for incompetent grandmother until this Federal Court decides on the merits of Plaintiff's Title II claim requesting an injunction against State of Florida to remove Elena Z. George as the Guardian and to appoint Plaintiff as the Guardian.

10) A federal receivership under Fed. R. Civ. P. 66 over Defendant BARRETO and BILLBROUGH.

11) An Order awarding compensatory damages against all Defendants to be determined at trial for the respective claims asserted against each Defendant.

12) An Order awarding punitive damages of $ 2 million for the claims of intentional infliction of emotional distress and exploitation of disabled vulnerable adult.

13) An Order awarding Plaintiff reasonable attorney's fees and costs.

14) Any other relief the Courts deems just, proper, and equitable.

## **JURY DEMAND**

Plaintiff demands a jury on all issues so triable.

Dated this 15th day of July 2024.

Case 1:24-cv-22031-JEM Document 73 Entered on FLSD Docket 07/16/2024 Page 72 of 72

## DECLARATION AND VERIFICATION

I, BENZO ELIAS RUDNIKAS, declare and verify as follows:

I have personal knowledge of the facts stated in this verified complaint and if called on to testify, would competently testify herein.

I declare and verify under penalties of perjury that I have read the foregoing verified amended complaint and the facts stated in it are true.

I declare and verify under penalty of perjury under the Law of the United States of America as set out in 28 U.S.C.§ 1746 that the foregoing is true and correct.

Benzo Elias Rudnikas, Plaintiff
950 SW 57th Ave, Apt. 711
Miami, FL 33144
(305) 213-9889
benzo.rudnikas@gmail.com
benzo@rudnikaslaw.com